**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>*Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## STIPULATION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) FOR NOTICE PURPOSES ONLY

Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling ("Plaintiffs"), and Defendant Cool Air Mechanical, LLC ("Defendant" and collectively with Plaintiffs as, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on June 17, 2023, Plaintiffs filed the above-captioned Class and Collective Action Complaint against Defendant alleging, in part, violations of the Fair Labor Standards Act, 29 U.S. C. § 201, *et seq*. ("FLSA"). (Dkt. No. 1). Defendant answered Plaintiffs' Class and Collective Action Complaint on August 28, 2023. (Dkt. No. 8).

WHEREAS, Plaintiffs filed their motion for Conditional Collective Action Certification and Issuance of Notice to Putative Collective Members on August 25, 2023. (Dkt. No. 7).

WHEREAS, rather than conduct pre-conditional certification discovery related to Plaintiffs' FLSA collective action claims, the Parties instead met and conferred regarding the possibility of entering into a stipulation regarding conditional certification for notice purposes only without the expense and distraction of discovery and motion practice, and they ultimately reached the agreement set forth in this stipulation.

WHEREAS, the Parties have conferred and have agreed to stipulate to conditional certification for notice purposes only of a collective of all persons employed by Defendant as non-exempt Plumbers, HVAC Technicians, and HVAC Installers providing cooling, heating, or plumbing repair and/or installation services who were allegedly not paid an overtime premium or correct overtime premium for hours worked over 40 in a workweek, and/or were allegedly not paid for all hours worked during the period from June 17, 2020 to June 17, 2023.

NOW, THEREFORE, subject to the Court's approval of this stipulation, the Parties hereby stipulate and agree that:

1.      This action is hereby conditionally certified for notice purposes only as

an FLSA collective action on behalf of the putative members of the following

"FLSA Collective," defined as:

> All persons who work/worked for Cool Air Mechanical, LLC as Plumbers, HVAC Technicians, or HVAC Installers providing cooling, heating, or plumbing repair and/or installation services who were allegedly not paid an overtime premium or correct overtime premium for hours worked over 40 in a workweek, and/or were allegedly not paid for all hours worked during the period from June 17, 2020 to June 17, 2023.

2.      While the Parties agree to a three-year look back period for purposes of

the notice, they recognize that the statute of limitations on any plaintiff's or "opt-in"

plaintiff's claim under the FLSA is two years unless it is established that the claim

arose out of a "willful violation," of the FLSA, in which case the statute of

limitations on that claim is three years.  29 U.S.C. § 255(a).  This stipulation is

entered into without prejudice to either party's position concerning whether the

claims alleged in this lawsuit arose out of a "willful violation," and shall not be used

as evidence as such.

3.      The Parties have agreed that Defendant will retain a qualified third

party administrator to administer the notice process (the "Administrator"), and shall

pay any fees, costs, or expenses charged by the Administrator in connection with

sending notice to the Putative FLSA Collective. Plaintiffs have agreed to Rust

Consulting company.

4.      Defendant shall provide only the Administrator with a list in Excel format of the names, last-known personal mailing addresses, and last-known personal email addresses (if available) of all members of the Putative FLSA Collective within thirty (30) days after this Court issues an order approving this Stipulation. The Administrator will, in turn, mail the notice in the form approved by the Court, and administer the notice process as set forth below, and then provide Plaintiffs' counsel with contact information for only those individuals who opt into the litigation as party-plaintiffs by timely returning a fully completed and executed consent form. The Administrator shall provide both Parties weekly status updates concerning the notice process.

5.      The Administrator shall effectuate notice of this action to the members of the Putative FLSA Collective by:

    a. Sending the Notice of Right to Join Lawsuit ("Notice") and Consent-to-Join Form ("Consent Form"), as reflected in Exhibit 1, in the form approved by the Court, via first-class U.S. mail;

    b. Sending the Notice and Consent Form in Exhibit 1, in the form approved by the Court, via email;

    c. If a notice is returned as undeliverable, the Administrator will perform a skip trace and timely re-mail the notice one time; and

    d.  The Administrator will have a customer service line for putative members as well as track and report overall numbers of unopened emails and undelivered mail.

6.    If the number of unopened or undelivered email exceeds 15%, Plaintiff may file a motion to obtain the contact information of those individuals, including cell phone numbers, if the parties are not able to resolve an alleged deficiency of ensuring notice to those individuals.  Defendant reserves the right to oppose any such motion.

7.    The members of the Putative FLSA Collective will be given sixty (60) calendar days from the date the Notice is sent out to them to join this case by timely submitting a fully executed and completed written Consent Form if they so choose, which they may do via mail, fax, email or through the Administrator's website.  The Consent Form must be received by the Administrator no later than the 60th day after they are sent out to members of the Putative FLSA Collective in order to be valid and timely (the "Opt-In Deadline").

8.    The Parties also hereby jointly request that the Court schedule a status conference twenty-one (21) days after the Opt-In Deadline so that the Court and the Parties can set the schedule for the next phase of the litigation.  At that point, the Parties will be better informed about the size of the conditionally certified FLSA

collective, and better able to propose an appropriate schedule (including dates and procedures for discovery concerning the named plaintiffs and the opt-in FLSA Collective members, briefing on Defendant's motion for decertification, Plaintiffs' motion for Rule 23 class certification, dispositive motions, and mediation).

9.      During the sixty (60) day notice period, the Court approved notice process set forth herein shall be the exclusive means through which Plaintiffs' counsel may initiate contact with the members of the Putative FLSA Collective regarding their opportunity to join this action.  However, this provision shall not prevent Plaintiffs or their counsel from responding to any inquiries made to them by members of the Putative FLSA Collective during the notice period.

10.     Defendant reserves all rights and defenses, including, but not limited to, its right to argue that Plaintiffs and those individual who may join this action as party-plaintiffs pursuant to the foregoing procedure are not "similarly situated," its right to subsequently seek decertification of the conditionally certified FLSA Collective in its entirety, its right to seek, restrict or limit the scope and breadth of membership in such conditionally certified FLSA Collective for any reason, its right to oppose the imposition of liquidated damages, and its right to assert that a two-year statute of limitations should apply to the FLSA collective action rather than a three-year statute of limitations, pursuant to 29 U.S.C. § 255. Defendant also

reserves all rights to contest and oppose any subsequent request by Plaintiffs and the members of the FLSA collective for the certification of a class action under Fed. R. Civ. P. 23, and the fact that Defendant has consented herein to conditional certification of an FLSA collective shall not be relied upon or cited by Plaintiffs that Defendant has consented in any way in connection with any future motion seeking certification of a Rule 23 class action nor any response opposing decertification of the conditionally certified FLSA Collective in this or any other action against Defendant.

11.     This stipulation shall have no precedential or estoppel effect on Defendant in this lawsuit or any other proceeding.  Nor shall the consent to conditional certification otherwise be referenced, cited to, or used by Plaintiffs in any manner that would be prejudicial to Defendant at any point in this lawsuit or any other lawsuit or proceeding.  The fact that conditional certification occurred can be referenced in this proceeding.  This stipulation is not an admission by either party on the merits of Plaintiffs' claims or Defendant's defenses, nor shall it be interpreted as limiting, waiving, or modifying any of the Parties' claims or defenses (except for the scope of the Collective Plaintiffs seek to certify).  Nor is it in any way reflective of the merits of whether collective or class certification is appropriate in this lawsuit or any other lawsuit or proceeding or that any individuals or groups are "similarly

situated." This stipulation only reflects the Parties' shared interest in advancing this litigation in the most efficient and practical manner possible.

**JOINTLY SUBMITTED BY:**

*/s/ Dane Steffenson\**
Dane Steffenson, Bar No.
dane@thedanelawfirm.com

DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
Telephone: 404.919.9719

*Attorney for Plaintiffs*

*\*With express permission*

*/s/ Lisa A. Schreter*
Lisa A. Schreter, Bar No. 218566
lschreter@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326.1127
Telephone:    404.233.0330
Facsimile:     404.233.2361

*Attorneys for Defendant*
*Cool Air Mechanical, LLC*

Dated: October 4, 2023

8

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/ Lisa A. Schreter*
Lisa A. Schreter
Georgia Bar No. 629852
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JUSTIN HOWARD, CHRIS TAYLOR,
BILLY MAYVILLE, SEAN
BOWLING, individually and on behalf
of all other similarly situated,

      *Plaintiffs*,

v.

COOL AIR MECHANICAL, LLC,

      *Defendant*.

Civil Action No. 1:23-cv-02725-SCJ

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2023, I electronically filed the foregoing

with the Clerk of the Court using CM/ECF system which will send notification of

such filing to the following:

Dane Steffenson
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

*/s/ Lisa A. Schreter*
Lisa A. Schreter
Attorney for Defendant

10