# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>*Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

**[PROPOSED] ORDER GRANTING THE PARTIES' STIPULATION TO CONDITIONALLY CERTIFY THIS CASE AS A COLLECTIVE ACTION, PURSUANT TO 29 U.S.C. § 216(b) FOR NOTICE PURPOSES ONLY**

On October 4, 2023, the Parties submitted to the Court a stipulation to conditionally certify this case as a putative collective action for notice purposes only (Dkt. No. 14), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), along with an agreed upon notice to the conditionally certified collective (Dkt. No. 14-1). Having reviewed the Parties' stipulation and proposed notice, and otherwise being fully advised, the Court finds the stipulation and proposed notice to be reasonable. Thus, the Court GRANTS the parties' stipulation and further orders as follows.

4855-0478-6577.2 / 116572-1016

IT IS HEREBY ORDERED that this case is conditionally certified as a collective action for notice purposes only for the following individuals:

> All persons who work/worked for Cool Air Mechanical, LLC as Plumbers, HVAC Technicians, or HVAC Installers providing cooling, heating, or plumbing repair and/or installation services who were allegedly not paid an overtime premium or correct overtime premium for hours worked over 40 in a workweek, and/or were allegedly not paid for all hours worked during the period from June 17, 2020 to June 17, 2023.

(Hereinafter referred to as "the Putative Collective".)

IT IS FURTHER ORDERED that court-authorized notice inviting putative collective members to join this action matching (in all material respects) the notice attached to the Parties' stipulation shall be distributed to the Putative Collective.

IT IS FURTHER ORDERED that the notice shall be distributed in the manner set forth in the Parties' stipulation (Dkt. No. 14) by mail and e-mail. This notice shall be the sole manner that Plaintiffs' Counsel initiates contact with members of the Putative Collective during the opt-in period, with the exceptions identified in the Parties' stipulation. (*Id*.)

IT IS FURTHER ORDERED that Defendant shall retain CPT Group as the qualified notice administrator ("Administrator"), to distribute the court-approved notice to the Putative Collective. Within thirty (30) days after the date of this order, Defendant shall provide only the Administrator with a list in Excel format of the

2

names, last-known personal mailing addresses, and last-known personal e-mail addresses (if available) of all members of the Putative Collective. The Administrator shall distribute the notice as soon as possible thereafter.  The Administrator will administer the notice process as set forth in the Parties' stipulation (Dkt. No. 14), and then provide Plaintiffs' counsel with contact information for only those individuals who opt into the litigation as party-plaintiffs by timely returning a fully completed and executed consent form. The Administrator shall provide both Parties weekly status updates concerning the notice process.

IT IS FURTHER ORDERED that putative members of the Putative Collective shall have sixty (60) days from the date the court authorized notice is sent to submit a fully executed and completed written opt-in consent form to the Administrator via mail, fax, or email. The opt-in consent form must be received by the Administrator no later than the 60th day after the notice is distributed to be valid and timely.

IT IS FURTHER ORDERED that this Order shall have no precedential or estoppel effect on Defendant in this lawsuit or any other proceeding.  Nor shall it otherwise be referenced, cited to, or used by Plaintiffs in any manner that would be prejudicial to Defendant at any point in this lawsuit or any other lawsuit or proceeding.  The fact that conditional certification occurred can be referenced in this proceeding.

IT IS FURTHER ORDERED that, pursuant to the Parties' Stipulation, this Order shall not preclude or otherwise limit Defendant's rights and defenses, including, but not limited to, its right to argue that Plaintiffs and those individuals who may join this action as party-plaintiffs are not "similarly situated," its right to subsequently seek decertification of the conditional certified Putative Collective in its entirety, its right to seek, restrict or limit the scope and breadth of membership in the Putative Collective for any reason, its right to oppose the imposition of liquidated damages, and its right to assert that a two-year statute of limitations should apply rather than a three-year statute of limitations, pursuant to 29 U.S.C. § 255.

IT IS FURTHER ORDERED that a status conference will be set twenty-one (21) days after the conclusion of the opt-in period, so the Parties can propose a schedule for the next phase of litigation.

**SO ORDERED**, this _____ day of _____, 2023.

_____
The Honorable Steve C. Jones
U.S. DISTRICT JUDGE