IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUSTIN HOWARD, CHRIS TAYLOR,
BILLY MAYVILLE, SEAN BOWLING,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

COOL AIR MECHANICAL, LLC,

    Defendant.

CIVIL ACTION FILE

No. 1:23-CV-2725-SCJ

## AMENDED ORDER[1]

Before the Court in this Fair Labor Standards Act ("FLSA") action is

Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice.

Doc. No. [7]. For the reasons outlined below, Plaintiffs' Motion is **GRANTED**.

---

[1] This Order amends the Court's Order of November 20, 2023 (Doc. No. [16]) to change the Administrator to Rust Consulting, as agreed upon by the Parties.

## I.    BACKGROUND

Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling filed this action on behalf of themselves and others similarly situated on June 17, 2023. Doc. No. [1]. Defendant answered the Complaint on August 28, 2023. Doc. No. [8]. Rather than conduct pre-conditional certification discovery related to Plaintiffs' FLSA collective action claims, the Parties instead met and conferred regarding the possibility of entering into a stipulation regarding conditional certification for notice purposes only without the expense and distraction of discovery and motion practice. On October 4, 2023, the Parties filed a Joint Stipulation. Doc. No. [14].

## II.    LEGAL STANDARD

The FLSA requires employers to pay their employees at least minimum wage and, if the employee works more than forty hours within a work week, overtime compensation. 29 U.S.C. § 207. Under the provisions of the FLSA, employees can bring suit for violations of the Act either individually or on behalf of employees who are "similarly situated." 29 U.S.C. § 219.

Class actions under the FLSA are different from those initiated under Federal Rule of Civil Procedure 23. See LaChapelle v. Owens-Illinois, Inc., 513

2

F.2d 286, 288 (5th Cir. 1975)[2] (describing the opt-out approach for Rule 23 actions and the opt-in approach for FLSA actions). Most circuits, including the Eleventh Circuit, encourage use of a two-tiered approach for class certification in an FLSA case. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). At the "notice" stage, which usually occurs early in the case, a district court conditionally certifies a class if the plaintiff makes a minimal showing that there are other similarly situated employees who wish to opt in. Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations omitted). As long as a plaintiff provides a "reasonable basis" for her claim that other employees are similarly situated, notice should issue to other potential class members. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). Later, at the "decertification" stage, the Court makes a factual determination, utilizing a stricter standard than at the notice stage, on whether or not potential class members are truly similarly

---

[2]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.

3

situated. Id. at 1261; see also Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007).

## III.   DISCUSSION

Based on the Parties' Joint Stipulation (Doc. No. [14]), **IT IS HEREBY ORDERED** that this case is conditionally certified as a collective action for notice purposes only for the following individuals:

> All persons who work/worked for Cool Air Mechanical, LLC as Plumbers, HVAC Technicians, or HVAC Installers providing cooling, heating, or plumbing repair and/or installation services who were allegedly not paid an overtime premium or correct overtime premium for hours worked over 40 in a workweek, and/or were allegedly not paid for all hours worked during the period from June 17, 2020 to June 17, 2023.

(Hereinafter referred to as "the Putative Collective".)

**IT IS FURTHER ORDERED** that court-authorized notice inviting putative collective members to join this action matching (in all material respects) the notice attached to the Parties' stipulation shall be distributed to the Putative Collective.

**IT IS FURTHER ORDERED** that the notice shall be distributed in the manner set forth in the Parties' stipulation (Doc. No. [14]) by mail and e-mail. This notice shall be the sole manner that Plaintiffs' Counsel initiates contact with

4

members of the Putative Collective during the opt-in period, with the exceptions identified in the Parties' stipulation. (Id.)

**IT IS FURTHER ORDERED** that Defendant shall retain Rust Consulting as the qualified notice administrator ("Administrator"), to distribute the court-approved notice to the Putative Collective. Within thirty (30) days after the date of this order, Defendant shall provide only the Administrator with a list in Excel format of the names, last-known personal mailing addresses, and last-known personal e-mail addresses (if available) of all members of the Putative Collective. The Administrator shall distribute the notice as soon as possible thereafter. The Administrator will administer the notice process as set forth in the Parties' stipulation (Doc. No. [14]), and then provide Plaintiffs' counsel with contact information for only those individuals who opt into the litigation as party-plaintiffs by timely returning a fully completed and executed consent form. The Administrator shall provide both Parties weekly status updates concerning the notice process.

**IT IS FURTHER ORDERED** that putative members of the Putative Collective shall have sixty (60) days from the date the court authorized notice is sent to submit a fully executed and completed written opt-in consent form to the

Administrator via mail, fax, or email. The opt-in consent form must be received by the Administrator no later than the 60th day after the notice is distributed to be valid and timely.

IT IS FURTHER ORDERED that this Order shall have no precedential or estoppel effect on Defendant in this lawsuit or any other proceeding. Nor shall it otherwise be referenced, cited to, or used by Plaintiffs in any manner that would be prejudicial to Defendant at any point in this lawsuit or any other lawsuit or proceeding. The fact that conditional certification occurred can be referenced in this proceeding.

IT IS FURTHER ORDERED that, pursuant to the Parties' Stipulation, this Order shall not preclude or otherwise limit Defendant's rights and defenses, including, but not limited to, its right to argue that Plaintiffs and those individuals who may join this action as party-plaintiffs are not "similarly situated," its right to subsequently seek decertification of the conditional certified Putative Collective in its entirety, its right to seek, restrict or limit the scope and breadth of membership in the Putative Collective for any reason, its right to oppose the imposition of liquidated damages, and its right to assert that a two-

year statute of limitations should apply rather than a three-year statute of limitations, pursuant to 29 U.S.C. § 255.

**IT IS FURTHER ORDERED** that the Parties shall request a status conference with the Court after the conclusion of the opt-in period; the Parties shall file a proposed a schedule for the next phase of litigation at least 7 days in advance of the status conference.

## IV.    CONCLUSION

Plaintiffs' Motion for Conditional Certification (Doc. No. [7]) is **GRANTED**. The Parties are **ORDERED** to comply with the deadlines set forth above.

**IT IS SO ORDERED** this __21st__ day of November, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

7