# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>    *Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO NAMED PLAINTIFFS' MOTION FOR ADDITIONAL NOTICE OF ACTION BY TEXT MESSAGE TO PUTATIVE CLASS MEMBERS

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendant Cool Air Mechanical, LLC ("Defendant") hereby files this Motion to Extend Time to Respond to Named Plaintiffs' Motion for Additional Notice of Action by Text Message to Putative Class Members. Defendant respectfully moves the Court to extend the time by which it must respond to Plaintiffs' Motion for Additional Notice of Action by Text Message to Putative Class Members ("Additional Notice Motion"), through and including March 14, 2024. In support of this Motion, Defendant states as follows:

4878-5462-4167.2 / 116572-1016

1.    On August 25, 2023, Plaintiffs filed their Motion for Conditional Collective Action Certification and Issuance of Notice to Putative Collective Members.  (Dkt. No. 7).

2.    Shortly thereafter, Defendant's counsel contacted Plaintiffs' counsel to propose that the Parties explore the possibility of jointly stipulating to conditional certification for notice purposes only.

3.    After negotiating the form and content of the proposed notice, on October 4, 2023, the Parties filed their Joint Stipulation to Conditionally Certify Collective Action Pursuant to 29 U.S.C. § 216(b) for Notice Purposes Only.  (Dkt. No. 14).

4.    On November 20, 2023, the Court granted the Parties Joint Stipulation and ordered that court-authorized notice inviting putative collective members to join this action matching (in all material respects) the Parties' proposed notice be distributed to the Putative Collective.  (Dkt. No. 16).[1]

5.    Pursuant to the Court's Order, Defendant timely provided a list in Excel format containing the names, last-known personal mailing addresses, and last-known personal e-mail addresses of all members of the Putative Collective to the Administrator.

---

[1] The Court entered an Amended Order on November 21, 2023, which was identical in all material respects to the November 20, 2023 Order, but was amended to correctly identify Rust Consulting as the notice administrator.  (Dkt. No. 17).

2

4878-5462-4167.2 / 116572-1016

6.    On February 15, 2024, Plaintiffs filed their Additional Notice Motion. (Dkt. No. 22).

7.    Defendant currently has until February 29, 2024, to respond to Plaintiffs' Additional Notice Motion.

8.    On Sunday, February 18, 2024, Defendant's lead counsel's mother passed away.  (Declaration of Lisa A. Schreter ("Schreter Decl."), at ¶ 2).

9.    On the same day, Defendant's lead counsel traveled to Wesley Chapel, Florida, where her mother lived in an assisted living facility, to assist her family in making final arrangements and attending to related matters necessitated by her mother's death.  (*Id.* at ¶¶ 2–3).

10.    On Monday, February 19, 2024, Defendant's counsel, Pierre-Joseph Noebes, contacted Plaintiffs' counsel, Dane Steffenson, to request a brief two-week extension of time to respond to Plaintiffs' Additional Notice Motion through and including March 14, 2024, so that Defendant's lead counsel may attend to and be with her family.  (*Id.* at ¶ 4; Declaration of Pierre-Joseph Noebes ("Noebes Decl.") at ¶¶ 2–3).

11.    Rather than  granting this simple professional courtesy, Plaintiffs' counsel used this situation as an opportunity to request that the parties agree to tolling the statute of limitations "for anyone who opts in based on any additional

4878-5462-4167.2 / 116572-1016

notice that is sent" as a *quid pro quo* for consenting to Defendant's requested extension of time. (Noebes Decl. at ¶ 3).

12. On Wednesday, February 21, 2024, Defendant's counsel conferred with Plaintiffs' counsel regarding Defendant's need for an extension of time and to explain that Defendant was not agreeable to Plaintiffs' opportunistic request for tolling of the statute of limitations. (*Id.* at ¶ 4).

13. Defendant asserts that tolling the statute of limitations for an unknown group of individuals who, depending on the Court's ruling on Plaintiffs' Additional Notice Motion, may receive some form of additional notice is not appropriate. As an initial matter, there is no evidence to suggest that these individuals did not receive notice by mail or that their lack of response indicates anything other than not being interested in joining this matter. Moreover, Plaintiffs' and Plaintiffs' counsel lack standing to negotiate tolling for an unknown group of individuals who are not currently represented by Plaintiffs' counsel. Additionally, any argument by Plaintiffs' counsel that tolling is needed because the requested extension of time would result in Defendant's response falling outside the cut-off date of the opt-in period is unavailing. Even without Defendant's requested extension of time, the briefing schedule related to Plaintiffs' Additional Notice Motion always extended past the end of the opt-in period. As such, tolling would provide inequitable relief to Plaintiffs and the putative opt-ins who may receive any form of additional notice.

4878-5462-4167.2 / 116572-1016

14.    On Friday, February 23, 2024, Defendant's counsel again conferred with Plaintiffs' counsel regarding the need for an extension of time and to determine whether Plaintiffs were willing to consent to such relief.  (*Id.* at ¶ 5).  Defendant's counsel explained that Defendant was not agreeable to tolling the statute of limitations and that, in light of Plaintiffs' counsel's expressed unwillingness to consent to the requested extension without a *quid pro quo*, Defendant would proceed with filing this Motion without Plaintiffs' consent. (*Id.*)  Plaintiffs' counsel refused to consent to the requested extension without Defendant's agreement to toll the statute of limitations.  (*Id.*)

15.    Accordingly, Defendant respectfully requests an extension of time to respond to Plaintiffs' Additional Notice Motion through and including March 14, 2024, so that counsel may attend to and be with her family.

16.    This is Defendant's first request for an extension of its deadline to respond to Plaintiffs' Additional Notice Motion.  Defendant makes this request in good faith, without any intent to delay this action, and no party shall be prejudiced by the granting of this Motion.

WHEREFORE, Defendant respectfully requests the Court grant an extension of time, through and including March 14, 2024, for Defendant to respond to Plaintiffs' Additional Notice Motion.  Defendant has attached a Proposed Order to this Motion for the Court's convenience.

4878-5462-4167.2 / 116572-1016

Dated:      February 23, 2024         Respectfully submitted,

*/s/ Lisa A. Schreter*
Lisa A. Schreter, Bar No. 629852
lschreter@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Attorneys for Defendant
Cool Air Mechanical, LLC

6

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/ Lisa A. Schreter*
Lisa A. Schreter
Georgia Bar No. 629852
Attorney for Defendant

7

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,

   *Plaintiffs*,

v.

COOL AIR MECHANICAL, LLC,

   *Defendant*.

Civil Action No. 1:23-cv-02725-SCJ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2024, I electronically filed the foregoing

**MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO NAMED PLAINTIFFS' MOTION FOR ADDITIONAL NOTICE OF ACTION BY TEXT MESSAGE TO PUTATIVE CLASS MEMBERS** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Dane Steffenson
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

         */s/ Lisa A. Schreter*
         Lisa A. Schreter
         Attorney for Defendant

8

4878-5462-4167.2 / 116572-1016