**IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

JUSTIN HOWARD, CHRIS TAYLOR,  )
BILLY MAYVILLE,  )
SEAN BOWLING, individually, and on  )
behalf of all others similarly situated,  )
                                       )
        Plaintiffs,  )
                                       )
vs.  )
                                       )
**COOL AIR MECHANICAL, LLC**,  )
                                       )
        Defendant.  )

Civil Action No.
 23-cv-02725-SCJ
**JURY TRIAL DEMANDED**

**RESPONSE TO MOTION TO EXTEND DEFENDANT'S TIME
TO RESPOND TO NAMED PLAINTIFFS' MOTION
FOR ADDITIONAL NOTICE OF ACTION BY TEXT MESSAGE**

Defendant seeks a two-week extension to respond to Named Plaintiffs'

motion for additional notice to be sent to just over half the putative class who did

not receive or otherwise open the Court approved Notice sent by email.

Undersigned counsel agreed to Defendant's request, but asked that the statute of

limitations be tolled by the same two weeks solely for any plaintiff who opts in as

a result of any additional notice this Court approves. Plaintiffs have no objection

to Defendant's request but asks that any resulting harm from the extension be

offset by tolling the statute for two weeks solely for those individuals who will

receive the additional notice two weeks later than they would absent Defendant's

1

extension. Defendant's motion claims that granting this motion will not cause any prejudice." Motion at ¶ 16. However, Defendant's request for extension will extend the time by which putative class members will receive any additional notice, which harm is easily offset by tolling their limitations' period by the same amount of time as Defendant's extension. Again, Plaintiffs are agreeable to any period Defendant's counsel needs and merely seek that the limitations period for anyone who opts in as a result of the delayed additional notice be tolled for a period equal to the extension.

Whether to toll a statute is within a court's discretion and only reviewed for abuse of discretion. *Arce v. Garcia*, 434 F.3d 1254, 1259 (11th Cir. 2006). Similarly, this Court has complete authority over how it grants extensions. Here, Plaintiffs are not seeking equitable tolling to recoup time from the past where they would need to prove an extraordinary circumstance but rather proactively so that Defendant's counsel may have the time needed to deal with a family death without prejudicing or otherwise causing harm to any plaintiff who is permitted to receive the additional notice and receives it two weeks later than had Defendant not needed an extension.

Here, the Complaint was filed nine months ago stopping the statute of limitations only for the Named Plaintiffs. At that time, Defendant sought to stay the case for 45 days to which Plaintiffs consented and Defendant's agreed to toll

the statute for all opt-ins for an equal amount of time. [Dkt. 6]; *see also* Tolling

Agreement, attached as Exhibit A. Plaintiffs also consented to Defendant's two

requests for extensions to respond to conditional certification in the hopes the

parties would reach consensus on notice, which they did. [Dkts. 9 and 12]. Plaintiff

has agreed to every extension Defendant has requested.

In reaching consensus on notice, Defendant opposed Plaintiffs request that

notice be sent by text as well as other methods. The parties agreed that notice

would be sent by USPS and email, and that Plaintiffs could file a motion to obtain

contact information including cell phone numbers if "unopened or undelivered

email exceeds 15%." [Dkt. 14 at ¶ 6]. As discussed in Plaintiffs' motion, more

than 50% of the emails were unopened or undelivered. Defendant knew or should

have known that it either did not have or only had an invalid email address for

25% of the putative class which alone rendered notice ineffective.

Moreover, Defendant negotiated to use a Third Party Administrator to avoid

providing Plaintiffs' counsel any contact information. In addition to not receiving

contact information for these putative class members, the stipulated notice requires

that Plaintiffs' rely exclusively on the court-approved notice and *not* attempt to

notify putative class members of this lawsuit. Accordingly, the only way for

putative class members to receive notice of their right to join this action is via the

court approved notice, which has been inadequate in large part due to Defendant's

3

inability to provide valid email addresses. As the only way these putative members will receive notice is if this Court approves an additional method, putative class members should not suffer further as a result of Defendant's need for an extension especially when any harm is easily remedied with tolling.

Accordingly, Plaintiffs request that anyone who opts in as a result of additional notice has their statute of limitations tolled for a period equal to the extension Defendant is granted.

### FONT AND POINT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing Response was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 26th day of February, 2024.

/s/ *Dane Steffenson*
DANE STEFFENSON
GA Bar no. 677780
Dane@TheDaneLawFirm.com

DANE LAW LLC
3575 Piedmont Rd.
Suite  L120 Atlanta,
GA 30305
(404) 919-9719

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **Response to Motion to Extend Defendant's Time** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 26th day of February, 2024.

/s/ *Dane Steffenson*
DANE STEFFENSON
GA Bar no. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Rd.
Suite  L120
Atlanta, GA 30305
(404) 919-9719