**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> COOL AIR MECHANICAL, LLC, <br><br> *Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## <u>REPLY IN SUPPORT OF MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO NAMED PLAINTIFFS' MOTION FOR ADDITIONAL NOTICE OF ACTION BY TEXT MESSAGE TO PUTATIVE CLASS MEMBERS</u>

Defendant Cool Air Mechanical, LLC ("Defendant") hereby files this Reply in support of its Motion to Extend Time to Respond to Named Plaintiffs' Motion for Additional Notice of Action by Text Message to Putative Class Members ("Motion").

While Plaintiffs' counsel represents that Plaintiffs are agreeable to Defendant's requested extension of time to respond in opposition to Plaintiffs' Additional Notice Motion, Plaintiffs and their counsel continue to request tolling the statute of limitations for an unknown group of individuals as a *quid pro quo* for consenting to Defendant's requested extension of time. As described in Defendant's

4896-1267-2681.1 / 116572-1016

Motion, tolling the statute of limitations for an unknown group of individuals who, depending on the Court's ruling on Plaintiffs' Additional Notice Motion, may receive some form of additional notice is not appropriate.  Plaintiffs state that tolling is needed because "the only way these putative members will receive notice is if this Court approves an additional method," however, they fail to provide any evidence to suggest that these individuals did not receive notice by mail or that their lack of response indicates anything other than not being interested in joining this matter.

Additionally, contrary to their assertion, Plaintiffs are seeking to equitably toll the statute of limitations on the claims of putative opt-ins.  As such, it is Plaintiffs' burden to establish that tolling is warranted.  *Thomas v. Esterle*, Case No. 1:18-cv-00686-SCJ-AJB, 2018 WL 11337179, at *4 (N.D. Ga. Dec. 27, 2018) ("Equitable tolling principles require plaintiff to justify [their requests] by showing extraordinary circumstances, such as fraud, misinformation, or deliberate concealment.") (citations and internal quotes omitted).  Plaintiffs allege the "harm" of Defendant's requested extension is that, if the Court grants some form of additional notice, any such additional notice to any putative opt-ins will be delayed by a period of two weeks.  This alleged harm is not only speculative,  but it simply does not rise to the level of "extraordinary circumstances" required by the principles of equitable tolling.  There has been no concealment of information and Defendant has not misled putative opt-ins or otherwise interfered with the notice process.  *See Cabello v.*

2

*Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005) (finding equitable tolling appropriate where the defendant deliberately concealed information making it "nearly impossible" for the plaintiffs to discover the wrong perpetrated against them). Here, as agreed to by the Parties and approved by this Court, Defendant provided the last know mailing address and last known email address for each putative opt-in to the Third Party Administrator in an attempt to ensure each individual received notice by mail and/or email. Defendant has not concealed any information or interfered with the notice process in any way that would make it "nearly impossible" for putative opt-ins to learn about this action. Instead, Defendant has done exactly what was agreed to by the Parties and directed by this Court in an effort to ensure individuals were provided with court authorized notice. Plaintiffs have not offered any evidence to the contrary, have not shown that mailed notice was inadequate or that the lack of response to emailed notice reflects anything other than a lack of interest in joining, and have not otherwise demonstrated "extraordinary circumstances" justifying the equitable tolling they have requested as a *quid pro quo* for consenting to Defendant's extension of time.

Further, Plaintiffs' counsel's attempt to recast the agreement reached by the Parties regarding the notice process, which was approved by this Court, as a way for Defendant to "avoid providing Plaintiffs' counsel any contact information" (Dkt.

3

4896-1267-2681.1 / 116572-1016

No. 25, p. 3) in support of Plaintiffs' request for tolling is unavailing.[1]  Plaintiffs' counsel seeks to not only obtain the private contact information of individuals who have not expressed any interest in speaking to or hiring him as their lawyer, but to also have unsupervised access to these individuals.  Such a request is simply beyond the pale.  Additionally, the Georgia Rules of Professional Conduct specifically prohibit the type of unsolicited direct contact proposed by Plaintiffs' counsel.  GA Rules of Professional Conduct, Rule 7.3(d) (prohibiting a lawyer from soliciting "professional employment as a private practitioner . . . through direct personal contact or live telephone contact with a nonlawyer who has not sought advice regarding employment of a lawyer.").  That agreed to contact information (i.e., last known mailing addresses and last known email addresses) was provided to the Third Party Administrator and used to send notice in the manner approved by this Court does not suggest any harm to putative opt-ins and in no way justifies Plaintiffs' request for tolling.  Put simply, Plaintiffs have failed to demonstrate that mailed notice was inadequate or that any "extraordinary circumstances" exist such that tolling is necessary.

For the reasons stated herein and so that counsel may attend to and be with

---

[1] Defendant notes that while the Parties' Joint Stipulation to Conditionally Certify Collective Action for Notice Purposes Only (Dkt. No. 14) did allow Plaintiffs to file a motion to obtain contact information of individuals who did not receive or open the emailed notice, Defendant specifically reserved its right to oppose any such motion and does oppose Plaintiffs' Additional Notice Motion.

her family, as discussed in Defendant's Motion (Dkt. No. 24), Defendant respectfully requests an extension of time to respond to Plaintiffs' Additional Notice Motion through and including March 14, 2024.

Dated:        February 27, 2024            Respectfully submitted,

                                           */s/ Lisa A. Schreter*
                                           Lisa A. Schreter, Bar No. 629852
                                           lschreter@littler.com
                                           Pierre-Joseph Noebes, Bar No. 537216
                                           pnoebes@littler.com

                                           LITTLER MENDELSON, P.C.
                                           3424 Peachtree Road N.E., Suite 1200
                                           Atlanta, GA  30326.1127
                                           Telephone:  404.233.0330
                                           Facsimile:   404.233.2361

                                           Attorneys for Defendant
                                           Cool Air Mechanical, LLC

5

4896-1267-2681.1 / 116572-1016

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/ Lisa A. Schreter*
Lisa A. Schreter
Georgia Bar No. 629852
Attorney for Defendant

6

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,

   *Plaintiffs*,

v.

COOL AIR MECHANICAL, LLC,

   *Defendant*.

Civil Action No. 1:23-cv-02725-SCJ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2024, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO NAMED PLAINTIFFS' MOTION FOR ADDITIONAL NOTICE OF ACTION BY TEXT MESSAGE TO PUTATIVE CLASS MEMBERS** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Dane Steffenson
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

      */s/ Lisa A. Schreter*
      Lisa A. Schreter
      Attorney for Defendant

4896-1267-2681.1 / 116572-1016