**IN THE U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

JUSTIN HOWARD, CHRIS TAYLOR,　　)
BILLY MAYVILLE,　　　　　　　　　)
SEAN BOWLING, individually, and on　)
behalf of all others similarly situated,　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　)　　　Civil Action No.
　　　　　　　　　　　　　　　　　)　　　23-cv-02725-SCJ
　　vs.　　　　　　　　　　　　　　)　　　**JURY TRIAL DEMANDED**
　　　　　　　　　　　　　　　　　)
COOL AIR MECHANICAL, LLC,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO NAMED
PLAINTIFFS' MOTION FOR ADDITIONAL NOTICE OF ACTION
BY TEXT MESSAGE TO PUTATIVE CLASS MEMBERS**

Defendant does not dispute that more than half the putative class did not receive or did not open their email notification. Defendant erroneously repeats over and over that 98% of the putative class "received" notice through its assumption that US Postal mail not returned was delivered to the address provided, that the address Defendant provided was accurate, and that the employee still lives at that address. Response at 8-9, 15. Contrary to Defendant's assertion, Plaintiffs are not asking to ensure that every potential class members actually receive notice. Even Defendant acknowledges the law is meant to ensure notice is reasonably calculated to reach putative members. Response at 14. Defendant opposes

1

Plaintiffs' motion relying on cases from 1950 and 1985 (years before the world wide web was created around 1990) to suggest that notice here was adequate as merely sending notice via the U.S. Postal Service is adequate. Response at 12. Defendant ignores the plethora of courts and other sources that have clearly found given the modern age that postal mail alone is often not sufficient if the intent is to try and provide all members notice of the litigation.

Defendant further errs in arguing that the notice process that has occurred was effective. Response at 15.  As Defendant notes, the parties agreed and this Court ordered that Plaintiffs' counsel would not contact potential class members and this Court's approved notice would be the exclusive means for notifying putative class members of this litigation and their right to opt-in. Response at 6. There was a reason two forms of notice was used with the caveat that if one form knowingly failed to provide notice to more than 15% of the putative class that more notice may be sought.

As Defendant argues, courts often deny requests to send notice by text because Plaintiffs have not provided a sufficient justification as to why other methods are not sufficient. Response at 16-17. Here, Plaintiffs expected Defendant to have email addresses for its employees and to provide accurate information to the Administrator and for the Administrator to perform real skip tracing on any notice that was returned undeliverable. The parties stipulation states that "[i]f a

notice is returned as undeliverable, the Administrator will perform a skip trace and timely re-mail the notice one time." [Dkt. 14, ¶ 5.c]. Defendant provided the Administrator each putative members name, last known address, email and last four of social security number which the Administrator used to authenticate each person who opted in. The Administrator has confirmed that the only "skip tracing" that it did was to use name and last known address to identify if there was a forwarding or other new address. It did not use the corresponding email or last four of the social security number. More importantly, the Administrator made no effort whatsoever to perform a skip trace to find a valid email address for the 53 undeliverable emails. See Communication from Administrator, attached as Exhibit 1.

Defendant opposes Plaintiffs' motion arguing that it timely provided the relevant information to the Administrator who provided notice per the parties agreement. Response at 10. And, Defendant argues this Court should deny Plaintiffs' motion because the Administrator performed skip tracing and resent notices to those for whom notice was returned undeliverable. Response at 8. Both premises are false. Cool Air knowingly provided invalid emails for over 20% of the putative class and its Administrator made no effort to find accurate email addresses for the 53 undeliverable emails as the parties agreed. Response at 7-8; Exh. 1. It's reasonable for courts and parties to assume mail and email is

3

reasonably calculated to provide sufficient notice until they have proof to the contrary. Defendant, who is entirely in control of the information, could have worked with its Administrator to address these excessive numbers but clearly has incentive not to do so until forced by this Court.

Defendant's remaining arguments should not deny providing over half this putative class a second form of notice.[1] Defendant argues that an unopened email demonstrates the individual lacks interest as opposed the email having been sent to spam or having other technical issues. Response at 2. Another argument is that a text message with a link to the notice does not convey the seriousness of the notice. Response at 19. But, Defendant did not explain how such a text message is less "serious" or appropriate than an email which, in this case, was sent with a link to the notice as well as it being attached. Defendant argues text message notice may reach the wrong people and affect the integrity of the process. The online registration required class members to enter their name, last 4 of social security and a unique identification number. Nothing about sending a text creates less integrity than other methods.

Defendant argues that texts are intrusive. As noted in Plaintiffs' motion, this

---

[1] Plaintiffs' motion has always only sought this additional notice to the individuals who are known not to have received or opened their email notice.  As discussed below, this group would be further narrowed by those whose mobile numbers have been listed on the national Do Not Call list to avoid any intrusive or improper message to anyone who has chosen not to receive them.

Defendant routinely corresponded with this putative class by text. In fact, Defendant's manager just yesterday sent a text to its former employee, Michael Pharr, who is a current represented class member, under the guise of asking whether he returned a company shirt. See screenshot of text message, attached as Exhibit 2. This text was the first communication about the company shirt since Mr. Pharr separated from Defendant six months ago. As at least one court has noted, text messages has become our common means of communication in our mobile society and, contrary to Defendant's argument, one text to targeted individuals who may be owed significant back wages is not intrusive. *Irvine v. Destination Wild Dunes Mgmt.*, 132 F. Supp. 3d 707, 711-712 (D.S.C., 2015) (finding that "[t]he request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete. The Court is unpersuaded by Defendants' argument that notice beyond first class mail is 'redundant, wasteful . . . and could compromise the integrity of the notice process.'" The court further ordered the notice posted in the employer's workplace. *Id*.

Defendant's tactic of claiming a possible violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") is unfounded. First, a violation occurs when certain calls or texts are made to a number on the National Do Not Call Registry. This is easily avoided by the Administrator, Plaintiffs'' counsel or whoever winds up sending the text notices running the numbers to be sent a text against the numbers on the registry which is purposely made easy to do. This will further narrow the group who will receive notice via text to only those who have chosen not to be on the Registry. Anyone who has listed their number on the Registry as an indication that s/he wants as few unsolicited texts as possible will not receive the text with a link to the Court's notice.[2] One court dismissed a Defendant's TCPA concerns and ordered notice by text finding:

> the court allows plaintiff to use this information to send notice via text message. Just as individuals may move their residences- thereby meriting use of email notice-they also may throw out their landline telephones for related reasons. It's obvious that Americans are cutting cords across the board with increasing frequency-from telephones to televisions-and the court won't ground its decisions in ruling that don't keep pace with the society they control. But, the court's permission isn't boundless. Plaintiff is required to limit the frequency of this form of notice to ensure that opt-in plaintiffs aren't overwhelmed and annoyed. And, plaintiff can offset these limitations by virtue of the ample opportunities the court permits for providing

---

[2] There are many exceptions that permit calls and texts from non-profits and others despite being on the list.  However, a violation of the TCPA is avoided by not sending a text to a number on the Registry. That also addresses Defendant's concern that the message is intrusive.

notice.

*James v. Boyd Gaming Corp.*, Case No. 19-2260-DDC-JPO, 2021 U.S. Dist. LEXIS 38444 (D. Ks.  March 2, 2021). Lastly, notice by text is not prohibited by professional ethical Rule 7.3(d).

Courts in this district have often denied sending notice by text based on a finding that there had been no showing of a need for it. Here, more than 50% of the purported class did not receive or open the email notice and there is no evidence one way or the other in terms of how many notices sent by the U.S. Postal Service were delivered to the intended recipient. It may be, as Defendant suggests, close to 98%. But, because that method of notice in today's world is known to be prone to many problems and likely result in some percentage of people not receiving the notice, a second (usually email) and sometimes a third or more methods (posting, advertising, text, etc.) are employed with court ordered notice. If 15% or even 20% of one method was known to have failed it may very well fall within what is expected under the guise of providing notice that is reasonably calculated to provide the putative class notice. A failure rate greater than 50% should easily fall into the category where additional limited notice is appropriate.

Contrary to Defendant's assertions that Plaintiffs are trying to ensure that each member not only receive but opens notice, Plaintiffs are merely asking that the method of notice used be reasonably calculated to actually provide the notice.

7

If email is one method, a company claiming to not have valid emails for over 25% of the class and then to give knowingly invalid email addresses to make it appear as though valid emails were given for nearly all the members is not reasonable. Plaintiffs request is extremely limited as it is only sending additional notices to those who are known not to have received or opened the email notice (and may or may not have received the USPS notice) and only if their cell phone numbers have not been added to the Do Not Call Registry. Moreover, the method requested is based on this employer interacting with these putative class members by text and presumably having valid phone numbers for most of them (i.e., a method that is reasonably calculated to provide notice).

Accordingly, Plaintiffs request that this Court approve a short message as requested in Plaintiffs' motion containing Plaintiff counsel's phone number and a link to the Court's approved notice be sent to the limited class members who did not receive or open their email and whose mobile number is not on the National Do Not Call Registry. Plaintiffs are willing to have Defendant's Administrator send the text if it does not want to provide the numbers to Plaintiffs' counsel.

Respectfully submitted this 29th day of March 2024.

/s/Dane Steffenson
DANE STEFFENSON
GA Bar No. 677780
Dane@TheDaneLawFirm.com
**DANE LAW LLC**
3575 Piedmont Road

8

Suite L120
Atlanta, GA 30305
(404) 919-9719
*Attorney for Plaintiffs*

## FONT AND POINT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing Response was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

/s/ *Dane Steffenson*
DANE STEFFENSON
GA Bar no. 677780
Dane@TheDaneLawFirm.com

DANE LAW LLC
3575 Piedmont Rd.
Suite  L120 Atlanta,
GA 30305
(404) 919-9719

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **Defendant's Response in Opposition to Named Plaintiff's Motion for Additional Notice of Action by Text** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 29th day of March, 2024.

/s/ *Dane Steffenson*
DANE STEFFENSON
GA Bar no. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Rd.
Suite  L120
Atlanta, GA 30305
(404) 919-9719