**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>        *Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>        *Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## <u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>

Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling

("Plaintiffs") and Defendant Cool Air Mechanical, LLC ("Defendant"), through

their undersigned counsel of record and pursuant to Local Rule 16.2, file this Joint

Preliminary Report and Discovery Plan.

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action.**

This is a putative class and collective action brought pursuant to Rule 23 of

the Federal Rules of Civil Procedure and Section 216(b) of the Fair Labor Standards

Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").  Plaintiffs bring this collective action on

behalf of themselves and those alleged to be similarly situated for unpaid minimum

wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq.* ("FLSA"), and under Rule 23 as a putative class action for breach of contract in violation of Georgia state law.  Plaintiff Howard and Plaintiff Taylor also allege individual claims for retaliation in violation of the FLSA.  Defendant denies all such allegations and contends it is not liable to Plaintiffs or any others under the FLSA, Georgia state law, or otherwise.

> **(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiffs' Statement**:

Defendant employed Plaintiffs as plumbing and HVAC technicians and/or installers. Plaintiffs have alleged that Defendant failed to pay them for all hours worked, properly compensate them for all overtime hours or pay the proper overtime rate, pay all commissions due and retaliated against at least Plaintiffs Howard and Taylor in violation of 29 U.S.C. § 215(a) when they complained about Defendant not complying with the FLSA or otherwise not paying them properly. For example, Plaintiffs allege that they were not compensated for time driving between jobs or for all meetings and other trainings Defendant requested they attend, at least some of which constitute overtime hours. HVAC installers paid on a piece rate did not receive an overtime premium when their total work hours exceeded 40 in a workweek.  Further, Plaintiffs allege they were not paid certain commissions they claim they were owed for jobs they sold and/or referrals for new or replacement HVAC units or hot water tanks that the customer wound up buying from Defendant.

2

Plaintiffs allege that Defendant acted willfully and without a good faith bases such that liquidated damages and a three-year statute-of-limitations are applicable under the FLSA.

**<u>Defendant's Statement</u>**:

As an initial matter, Defendant filed its Answer on August 28, 2023, and filed its Amended Answer on September 18, 2023, responding to the factual allegations in Plaintiffs' operative complaint and respectfully refers the Court to that Answer with respect to any factual allegations contained in Plaintiffs' section immediately above, and Defendant denies any new or additional factual allegations contained in Plaintiffs' section above that were not properly pleaded in the operative complaint.

Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling have sued their former employer Cool Air Mechanical, LLC in a putative class and collective action for alleged unpaid minimum wage and overtime under the Fair Labor Standards Act ("FLSA"), and a class action for breach of contract in violation of Georgia law.  Plaintiff Howard and Plaintiff Taylor also allege individual claims for retaliation in violation of the FLSA. Plaintiff Howard worked as a plumber for Defendant from February 6, 2023 through May 16, 2023. Plaintiff Taylor worked as a plumber for Defendant from February 6, 2023 through May 10, 2023. Plaintiff Mayville worked as a plumber for Defendant from August 17, 2015 through

November 20, 2020. Plaintiff Bowling worked as an HVAC installer for Defendant from April 1, 2016 through July 13, 2021.

Defendant maintains written policies that ensure non-exempt employees are paid at least the federal minimum wage and overtime for all compensable working time in compliance with the FLSA.  Defendant's timekeeping policies require non-exempt employees to accurately report all of their working time.  Additionally, non-exempt employees are required to review their timesheets at the end of each week to confirm they are accurate prior to submitting them to payroll.  If any non-exempt employees report errors or omissions on their timesheets, Defendant makes the appropriate corrections to ensure they are properly paid for their work (including any overtime hours they may have worked).  Defendant provides its employees a 60-minute unpaid meal break each day. Non-exempt employees are required to clock out when they begin their meal break and clock in when they finish their meal break. If a non-exempt employee must work through a meal break, he or she is paid for the 60-minute period.  Non-exempt employees are not required to clock out for shorter rest periods or for their time spent traveling to different job sites in the same workday.

Defendant did not require, encourage, permit, or have knowledge of any alleged off-the-clock work performed by Plaintiffs.  If Plaintiffs did, it was in violation of Defendant's policies and without its knowledge or permission.

4

Defendant contends that any alleged damages suffered by Plaintiffs and members of the purported class and collective group were the direct and proximate result of their own actions or inactions. Defendant further contends that Plaintiffs and members of the purported class and collective group failed to mitigate their alleged damages because they failed to complain to or otherwise notify Defendant of any issues related to their compensation.

Plaintiffs and members of the purported class and collective group worked in different locations, held various job titles, worked under different supervisors, and worked during different time periods.

Defendant contends that Plaintiffs are not similarly situated to the putative class and collective members they seek to represent, nor are the members of the putative class and collective similarly situated to one another.

Defendant maintains comprehensive policies to prevent retaliation, as well as complaint procedures to ensure employee concerns are thoroughly investigated and addressed. Plaintiff Howard and Plaintiff Taylor did not take advantage of Defendant's complaint procedure or otherwise engage in protected activity. Defendant contends that all actions taken with respect to Plaintiff Howard and Plaintiff Taylor were for legitimate, non-retaliatory reasons that were unrelated to any alleged protected activity. Defendant further contends that even if Plaintiff Howard and/or Plaintiff Taylor were able to prove that its actions and decisions were

motived – in part- by unlawful retaliatory intend (and they cannot), Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful intend.

Accordingly, Defendant denies that Plaintiffs or any other individual is entitled to any relief whatsoever and further denies that this action can be maintained as a class action and/or collective action or that there are any other individuals similarly situated to Plaintiffs.

Defendant notes that discovery has not yet commenced in this action and, as such, Defendant reserves the right to later identify any pertinent facts or defenses to Plaintiff's claims.

**(c)     The legal issues to be tried are as follows:**

<u>Plaintiffs' Statement of Legal Issues to Be Tried:</u>

The disputed legal issues are the extent to which Defendant failed to pay Plaintiffs, whether the violations were willful or done in good faith, whether retaliation occurred and the resulting damages, and amount of reasonable attorney fees.

<u>Defendant's Statement of Legal Issues to Be Tried:</u>

i.   Whether this action can be properly maintained as a collective action under the FLSA and, in this regard: (1) whether Plaintiffs and the individuals they seeks to represent are "similarly situated", and (2) whether the

individualized inquiries necessary to determine the nature of each putative collective member's relationship with Defendant, and the individualized inquiries necessary for Plaintiff to prove damages on a collective wide basis, preclude conditional or final certification of an FLSA collective;

ii. Whether any alleged violations of the FLSA were willful within the meaning of these statutes and whether Defendant acted in good faith reliance on U.S. Department of Labor, policies, practices, or procedures, and/or on good faith grounds and with the reasonable belief that Defendant was not violating the FLSA;

iii. Whether the manner in which Defendant compensated Plaintiffs and/or the individuals they seek to represent complied with its obligations under the FLSA;

iv. Whether Plaintiffs are barred from moving for class certification under Rule 23 because Plaintiffs failed to timely move for class certification by Local Rule 23.1(B), which requires the filing of a class certification motion within 90 days of the filing of the complaint;

v. Whether this action can be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, in this regard: (1) whether there are questions of law or fact that are common to the putative class they seek to represent, (2) whether Plaintiffs' claims are typical of the claims of

the putative class they seek to represent, and (3) whether Plaintiffs will fairly and adequately protect the interests of the putative class they seek to represent;

vi. Whether Plaintiffs and/or the individuals they seek to represent were compensated in a manner consistent with their individual offers of employment with Defendant;

vii. Whether Plaintiffs' claims, and those of putative class members, are barred, in whole or in part, to the extent that Plaintiffs and putative class members did not suffer any cognizable injury nor suffered any damages;

viii. Whether each individual offer of employment constitutes a binding contract under applicable Georgia state law;

ix. Whether Plaintiffs' claims, and those of putative class members, are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and/or laches;

x. Whether any of Plaintiffs' claims and/or the claims of those individuals they seek to represent are barred by any applicable statute of limitations;

xi. Whether any of Plaintiffs' claims and/or the claims of those individuals they seek to represent are barred or limited by any of the Defendant's defenses or affirmative defenses;

xii. To what damages, if any, are Plaintiffs or those they seek to represent

entitled and whether Defendant is entitled to any setoffs against such damages;

xiii.   Assuming that Plaintiffs suffered or sustained any loss, damage or injury, which Defendant specifically denies, whether such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, including Plaintiffs themselves, and that their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiffs complain;

xiv.   Whether Plaintiff Howard and/or Plaintiff Taylor engaged in protected activity;

xv.   Whether Plaintiff Howard and/or Plaintiff Taylor were retaliated against because they engaged in alleged protected activity;

xvi.   Whether Plaintiff Howard and/or Plaintiff Taylor can establish a causal connection between any alleged actions or inaction by Defendant and any damages or injuries they allegedly suffered;

xvii.   Whether Plaintiffs have properly mitigated their alleged damages; and

xviii.   Whether Plaintiffs and/or any of the individuals they seek to represent are entitled to attorneys' fees, costs and expenses, and, if so, in what amount.

9

Parties' Statement:

The lists above are not exhaustive of the issues that may arise in this action. Discovery has not yet begun and it may reveal additional legal issues that are in dispute in this case.  As such, the Parties reserve their right to amend, modify, or supplement the legal issues stated herein.

**(a)    The cases listed below (include both style and action number) are:**

(1) **Pending Related Cases:** None.

(2) **Previously Adjudicated Related Cases:** None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

☐        (1) Unusually large number of parties

☐        (2) Unusually large number of claims or defenses

☐        (3) Factual issues are exceptionally complex

☐        (4) Greater than normal volume of evidence

☒        (5) Extended discovery period is needed

☐        (6) Problems locating or preserving evidence

☐        (7) Pending parallel investigations or actions by government

☐        (8) Multiple use of experts

☐        (9) Need for discovery outside United States boundaries

☐          (10) Existence of highly technical issues or proof

**3.      Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**For the Plaintiff:**

Dane Steffenson
dane@thedanelawfirm.com
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
Telephone:  404.919.9719

**For the Defendant:**

Lisa A. Schreter
lschreter@littler.com
Pierre-Joseph Noebes
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326
Telephone: (404) 233-0330
Facsimile: (404) 233-2361

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

☐ **Yes**   ☒ **No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss**

11

**separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.      Parties to This Action:**

    **(a)      The following persons are necessary parties who have not been joined:**

        <u>Plaintiffs' Statement</u>: The remaining potential Rule 23 class members.

        <u>Defendant's Statement</u>:

Defendant contends that Plaintiffs are not similarly situated to the putative FLSA collective members they seek to represent, nor are the members of that putative FLSA collective similarly situated to one another. Moreover, Plaintiffs cannot pursue this case as a Rule 23 class action because Plaintiffs failed to timely move for class certification by Local Rule 23.1(B), which requires the filing of a class certification motion within 90 days of the filing of the complaint, and Plaintiffs have made no effort to move the Court for an extension. Plaintiffs' deadline to file a class certification motion was September 15, 2023 (90 days after Plaintiffs filed their complaint on June 17, 2023).[1] Accordingly, any such motion filed by Plaintiffs now would be at least 228 days late. Defendant further contends that this case cannot be maintained as a class action because the questions of law or fact are not common to

---

[1] Even accounting for the thirty (30) day time period this case was stayed pursuant to the Court's July 13, 2023 Order, any motion for class certification filed by Plaintiffs would still be untimely. Accounting for this stay, Plaintiffs deadline to file a class certification motion was October 17, 2023.

the putative class, the claims of the Plaintiffs are not typical of the claims of the putative class, and/or the Plaintiffs cannot fairly and adequately protect the interests of the class. As such, Defendant contends that that this action cannot be maintained as a class or collective action and that there are not any other individuals similarly situated to Plaintiffs.

    **(b)** **The following persons are improperly joined as parties:**

    None.

    **(c)** **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    None.

    **(d)** **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.** **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

    **(a)** **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Plaintiffs' Statement:

None unless other related violations are discovered within Defendant's records during discovery by Plaintiffs.

Defendant's Statement:

None.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

None.

**7.    Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)    *Motions to Compel*: before the close of first or second phase discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)    *Summary Judgment Motions:* within thirty days after the close of "second phase" discovery, and on the same date that Defendant is required to file a motion for decertification of a conditionally certified FLSA collective, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony:* **Daubert** **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

**(e)** *Motion for Class Certification:*

**Plaintiffs contends that their motion for Rule 23 Class Certification should be filed within 30 days of a Decertification ruling or from the deadline for a decertification motion if one is not filed. If the Court prefers decertification and Class certification to occur simultaneously, Plaintiffs can file the motion on or before May 30, 2024.**

**Defendant contends that any such motion filed by Plaintiffs in this case is untimely as the rules require a plaintiff to move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action. Local Rules 23.1(B). . If the Court allows Plaintiffs to file a Motion for Class Certification, which Defendant respectfully contends it should not, Plaintiffs must file their Motion for Class Certification within sixty (60) days after the close of "second phase" discovery.**

**8.   Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

A scheduling conference is currently scheduled for May 1, 2024. The Parties do not request a subsequent scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiffs' Statement:

For members of the collective and class or documents applicable to them, complete payroll and time records, GPS records for Defendant's vehicles that Plaintiffs operated while performing tasks assigned by Defendant, records sufficient to identify the times of all meetings and other training attended by one or more Plaintiffs at Defendant's request, sales invoice for purchase of HVAC unit or hot water heater by a customer serviced on that day or prior by a Plaintiff, written offers of employment, policies or procedures regarding timekeeping and compensation, prior complaints regarding Defendant inaccurately paying employees, vehicle

assignments, and installation records submitted to Defendant by one or more Plaintiffs.

Defendant's Statement:

Discovery will be needed regarding the allegations raised in Plaintiffs' Complaint, including but not limited to Plaintiffs' claims and the claims of each individual who timely submitted a notice of consent to join this lawsuit as an opt-in plaintiff, and Defendant's defenses thereto. In particular, discovery will be needed as to the legal issues articulated in Section 1(c), as well as the at-will nature of Plaintiffs' employment and the employment of each individual who timely submitted a notice of consent to join this lawsuit as an opt-in plaintiff, Defendant's established pay and timekeeping policies and the extent to which Plaintiffs and the Opt-In Plaintiffs failed to follow these policies, Plaintiffs' and the Opt-In Plaintiffs' reported work hours and the pay they received, the hours that Plaintiffs and the Opt-In Plaintiffs claim they worked, whether Plaintiff Howard and/or Plaintiff Taylor engaged in protected activity, the extent to which Plaintiff Howard and/or Plaintiff Taylor utilized Defendant's established procedures for reporting workplace concerns, the reasons Defendant took employment actions with respect to Plaintiff Howard and Plaintiff Taylor, Defendant's good faith compliance with all applicable laws, and damages (including any efforts by Plaintiffs and the Opt-In Plaintiffs to mitigate their alleged damages mitigation).

17

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

This action involves collective-wide allegations under the FLSA, and class allegations under Georgia law,[2] such that this Court follows a "two-tiered approach." The first tier has been completed with the parties stipulating and this Court granting conditional certification.

Plaintiffs' Proposal

Now that conditional certification and the opt-in period is complete, the parties should be permitted 90 days from this Court's Scheduling Order regarding the Rule 23 class and discovery related to decertification of the conditionally certified § 216(b) class. Plaintiff will have 14 days to file a Motion for Class Certification under Rule 23, and Defendant will have 14 days to file any Decertification Motion of the § 216(b) class. An additional 4 months of merit discovery on any remaining issues will begin upon this Court ruling on those motions.

---

[2] Defendant contends Plaintiffs may not move for class certification under Fed. R. Civ. P. 23 because Plaintiffs failed to timely move for class certification pursuant to Local Rule 23.1(B), which requires the filing of a class certification motion within 90 days of the filing of the complaint, and Plaintiffs have made no effort to move the Court for an extension.

Defendant's Proposal

Discovery in this case should be conducted pursuant to the eight (8) month discovery track.

Following a Scheduling Order from the Court, the Parties must engage in a "second phase" of discovery necessary to, among other things, permit Defendant to take discovery of the Plaintiffs and Opt-In Plaintiffs relevant to the issues to be addressed in a later motion for decertification of the conditionally certified FLSA collective and any certified class. With respect to the "second phase" of discovery, the Parties propose the following:

**(A)   Written Discovery**

Plaintiffs' Proposal

The discovery in the second phase addresses whether Plaintiffs and the proposed class are similarly situated. Plaintiffs will rely on Defendant's documents, policies, procedures and conduct to establish that Plaintiffs were subject to the same policies and procedures that resulted in the alleged violations.  Plaintiff can accomplish this discovery by serving one set of written discovery consisting of no more than 20 Requests for Documents, Interrogatories and Request for Admission. As all records related to whether Plaintiffs are similarly situated reside with Defendant, written discovery should be limited to a total Requests for Documents, Interrogatories and Request for Admission of 40 each distributed however

19

Defendant chooses among the Plaintiffs. However, Plaintiffs request to be able to serve half the total number of written discovery requests as Defendant is granted.

Defendant's Proposal

Defendant proposes that it shall be permitted to propound on each Plaintiff up to twenty-five (25) interrogatories, twenty-five (25) requests for production of documents, and twenty-five (25) requests for admissions during the "second phase" of discovery.

Defendant further proposes that it shall be permitted to propound on each Opt-In Plaintiff who has filed a consent to participate in this action as party plaintiffs ten (10) interrogatories, ten (10) requests for production of documents, and ten (10) requests for admissions during the "second phase" of discovery.

**(B)    Deposition Discovery**

Plaintiffs' Proposal

Plaintiffs can accomplish phase two discovery with two depositions of less than 4 hours each and one 30(b)(6) not to exceed 6 hours but requests the same amount of depositions as Defendant is granted.

Plaintiffs contend that all of the relevant information is already within Defendant's possession and knowledge as the extent of any violations will be based on its own records and practices. Defendant can easily identify which Plaintiff(s) it believes are not similar to others. Accordingly, this phase should be limited to three

Plaintiffs not to exceed 4 hours each.

Defendant's Proposal

Defendant proposes that it shall be permitted to take the depositions of each Plaintiff and Opt-In Plaintiff who has filed a consent to participate in this action as party plaintiffs, with each such deposition continuing for no longer than seven (7) hours.

Defendant further proposes that Plaintiffs shall be permitted to take up to five (5) fact depositions of Defendant and one (1) Rule 30(b)(6) deposition, with each such deposition continuing for no longer than seven (7) hours.

**(C)   Expert Discovery**

Plaintiffs' Proposal

Expert disclosures shall be made 45 days before the end of merit discovery and any rebuttal expert disclosures 30 days thereafter. One deposition of each expert to be permitted within 15 days of the date merit discovery ends.

Defendant's Proposal

Defendant proposes that any initial expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made on the date five (5) months after the start of the "second phase" of discovery.

Defendant further proposes that any rebuttal expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made on the date sixty (60) days

after the date on which the initial expert disclosure was made.

### (D) Motions Practice

The Parties propose that the following schedule shall govern the filing and briefing of dispositive motions (including any motion for summary judgment), a motion to decertify the conditionally certified FLSA collective, and any motions challenging expert disclosures:

Plaintiffs' Position

Time frame for decertification is identified above. Otherwise, Plaintiffs propose following the Local Rules for dispositive and Daubert motions.

Defendant's Position:

1.     All such motions shall be filed sixty (60) days after close of the "post-notice phase" of discovery;

2.     All opposition to such motions shall be filed sixty (60) days after service of the motion;

3.     All replies in support of such motions shall be filed thirty (30) days after service of the opposition.

Defendant contends that Plaintiffs may not now file a Motion for Class Certification because Plaintiffs failed to move within ninety (90) days after the complaint was filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action. *See* Local Rules 23.1(B). Accordingly,

any such motion filed by Plaintiffs in this case is untimely. If the Court allows Plaintiffs to file a Motion for Class Certification, which Defendant respectfully contends it should not, Plaintiffs must file their Motion for Class Certification within sixty (60) days after the close of "second phase" discovery.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties state that they neither seek any changes in the limitations on discovery nor request that additional limitations be imposed. The Parties also consent in writing, pursuant to Fed. R. Civ. P. 5, to service by electronic mail (e-mail).

**(b)     Is any party seeking discovery of electronically stored information?**

**☒  Yes     ☐  No**

**If "yes,"**

(1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have held preliminary discussions related to ESI and agree that ESI production shall be conducted in accordance with the Federal Rules of Civil

23

Procedure and the Local Rules.  The parties have conferred, and will continue to confer, in good faith regarding ESI review and production. The Parties will enter into a confidentiality agreement and/or protective order regarding ESI, including but not limited to, a claw-back provision for inadvertently produced documents.

Defendant has suggested that it wants data from all Plaintiffs' cell phones to which Plaintiffs object unless the data sought can be identified as relevant, and unavailable from another less intrusive source, to proving an asserted defense. Additionally, Defendant claims Plaintiffs must use a third-party to collect data necessary to respond to discovery rather than collecting it themselves to which Plaintiffs also object.

> (2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree, to the extent possible, to produce ESI in searchable .PDF format on removable media or by electronic mail, with each page individually Bates numbered or otherwise identified.  Both parties reserve the right to request in good faith that, after initial disclosure, specific files be re-produced with associated metadata and in .tiff format, and/or in native file format to the extent not originally requested.  The Parties do not currently anticipate the need for production of

metadata other than Plaintiff is seeking a sufficient audit trail of changes to time records, which may or may not require metadata.  No agreement on this has yet been reached. If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach an agreement.  If they cannot reach an agreement, they shall jointly seek guidance from the Court.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

12.    **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The Parties anticipate that a Joint Stipulation and Order of Confidentiality and Clawback Agreement ("JSOC") will be necessary to cover confidential proprietary, business, trade secret, and personnel information. The Parties agree to confer regarding the scope and content of any proposed JSOC and will submit it to the Court for approval.

In accordance with Fed. R. Evid. 502(d), in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the

event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. The Parties shall include formal proposed "clawback" language dealing with these issues in the proposed JSOC submitted to the Court.

Plaintiffs' Statement:

An order is expected if Defendant files a motion for Decertification of the §216(b) class and in response to Plaintiffs' Motion for Rule 23 certification.

Defendant's Statement:

Defendant respectfully requests that the Court enter an order precluding Plaintiffs from moving for class certification since Plaintiffs did not timely file a Motion for Class Certification and did not move the Court to extend their deadline to file such a motion.

Additionally, Defendant respectfully requests that Plaintiffs shall submit a proposed trial plan thirty (30) days before the close of "second phase" discovery.

26

13.    **Settlement Potential:**

(a)    **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 26, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):** */s/ Dane Steffenson*

**For defendant: Lead counsel (signature):** */s/ Lisa A. Schreter*

Other participants: Pierre-Joseph Noebes

(b)    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☒    A possibility of settlement before discovery.
☒    A possibility of settlement after discovery.
☐    A possibility of settlement, but a conference with the judge is needed.
☐    No possibility of settlement.

(c)    **Counsel (  ☒  ) do or (  ☐  ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>to be determined.</u>**

(d)    **The following specific problems have created a hindrance to settlement of this case:**

While Defendant has voluntarily provided data, including pay and time information, for Plaintiff Howard and Plaintiff Taylor to Plaintiffs' counsel, the opt-in period has only recently closed and discovery has not yet begun in this case.

14.    **Trial by Magistrate Judge:**

27

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**(a)**    The parties (___□___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____.

**(b)**    The parties (___☒___) do not consent to having this case tried before a magistrate judge of this Court.

**JOINTLY SUBMITTED BY:**

| | |
|---|---|
| */s/ Dane Steffenson* | */s/ Lisa A. Schreter* |
| Dane Steffenson, Bar No. 677780 | Lisa A. Schreter, Bar No. 218566 |
| dane@thedanelawfirm.com | lschreter@littler.com |
| | Pierre-Joseph Noebes, Bar No. 537216 |
| DANE LAW, LLC | pnoebes@littler.com |
| 3575 Piedmont Rd., Suite L120 | |
| Atlanta, GA 30305 | LITTLER MENDELSON, P.C. |
| Telephone:  404.919.9719 | 3424 Peachtree Road N.E., Suite 1200 |
| | Atlanta, GA  30326.1127 |
| *Attorney for Plaintiffs* | Telephone:    404.233.0330 |
| | Facsimile:    404.233.2361 |
| | *Attorneys for Defendant* |
| | *Cool Air Mechanical, LLC* |

Dated: May 1, 2024

\* \* \* \* \* \* \* \* \* \* \* \*

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____,
2024.

_____
The Honorable Steve C. Jones

29