## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JUSTIN HOWARD, CHRIS TAYLOR,
BILLY MAYVILLE, et al.,

    Plaintiffs,

v.

COOL AIR MECHANICAL, LLC,

    Defendant.

CIVIL ACTION FILE

No. 1:23-CV-02725-SCJ

## ORDER

This matter appears before the Court on the Parties' Joint Preliminary Report and Discovery Plan. Doc. No. [35].[1]

The Parties propose separate plans for the conduct of discovery in this matter and disagree over various aspects of the scope of discovery (e.g., the extent of written discovery; the number of and time allowed for depositions; and the deadline for expert disclosures). Foremost among their disagreements is whether Plaintiffs should be allowed to file a motion for class certification.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers referenced are those imprinted by the Court's docketing software.

Defendant argues that Plaintiffs are barred from moving for class certification because they failed to file the motion within 90 days of filing the Complaint, as required by Local Rule 23.1(B). Doc. No. [35], 12. According to Defendant, accounting for the 30-day stay entered by the Court on July 13, 2023, Plaintiffs' deadline to file a motion for class certification was October 17, 2023. Id. n.1. Plaintiffs did not file the motion by the deadline, nor did they seek an extension of time. In fact, Plaintiffs have yet to file their motion for class certification. Rather, in a long overdue Joint Preliminary Report and Discovery Plan ("JPRDP"),[2] Plaintiffs propose that the Court allow 90 days from the entry of its Scheduling Order for the Parties to engage in discovery related to the class to be certified under Rule 23 of the Federal Rules of Civil Procedure and allow

---

[2] Pursuant to Local Rule 16.2, the JPRDP was due 30 days after Defendant's appearance by answer **or motion**. Here, Defendant appeared on July 12, 2023, by filing a Consent Motion to Stay Proceeding (Doc. No. [6]), which the Court granted in part, staying the case for 30 days. With the benefit of the stay, the 30-day deadline for the Parties to file the JPRDP was August 11, 2023. The Parties failed to file their JPRDP within that deadline. On August 28, 2023, Defendant filed its Answer. Even giving the Parties the benefit of the doubt and viewing the filing of the Answer as triggering the deadline for filing the JPRDP, the JPRDP became due on September 11, 2023. Out of the bounds of any excusable delay, and without explanation, the Parties filed their JPRDP on May 1, 2024, hours before the Parties' status conference with the Court. While the Court expects Plaintiffs to timely and diligently prosecute this action, including by ensuring adherence to the Court's deadlines and milestones, Plaintiffs are not solely responsible for this egregious delay as the JPRDP is a **joint** submission.

Plaintiffs 14 days thereafter to file their motion for class certification under Rule 23. Doc. No. [35], 18.

With certain exceptions, which do not apply here, Local Rule 23.1(B) requires the plaintiff to "move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action." The Court may extend the deadline upon a showing of good cause. LR 23.1(B), NDGA. Here, the Court perceives no good cause to allow a grossly belated Rule 23 motion for class certification.

At the status conference on May 1, 2024, citing to the Court's Order in Sabile v. Marketsource, Inc., No. 1:17-CV-05546-SCJ (N.D. Ga.), ECF No. 14, Plaintiffs' counsel argued that Plaintiffs' failure to timely file a motion to certify or seek to extend the motion deadline should be excused because this Court routinely follows a two-tiered approach in 29 U.S.C. § 216(b) class-actions, which separates discovery into two phases (an initial phase focused on the conditionally certified § 216(b) class and a secondary, merits phase) with motions for class certification and decertification due upon the completion for the initial phase of discovery.

3

First, although in the putative class action in <u>Sablie</u>, the Court did allow for two-tiered discovery, Plaintiffs' reliance on the case does not advance their cause. There, the plaintiff missed the deadline to file her motion for class certification by three weeks, but the defendant did not challenge the missed deadline. <u>See</u> <u>Sabile</u>, ECF No. 14 at *1 (noting the defendant's proposal that a motion for class certification follow merits discovery regarding the named and any opt-in plaintiffs). Not so here. For the first time in the JPRDP, Plaintiffs submit a proposal for the filing of their out of time motion for class certification. Not only is Plaintiffs' request 6.5 months overdue, Defendants oppose the request.

Second, the fact that the Court has followed a two-tiered approach to discovery in § 216(b) class-actions does not excuse Plaintiffs' failure to timely file a motion for class certification or to timely seek to extend that deadline in this case. In view of the express deadline set by Local Rule 23.1(B), Plaintiffs' counsel's reliance on the belief that a two-phased discovery process would provide Plaintiffs a later opportunity to file their motion for class certification was not

reasonable; it was incumbent on Plaintiffs to secure such a schedule or move to extend the motion deadline. Plaintiffs did neither.[3]

Because Plaintiffs have failed to show good cause for their failure to timely file a motion for class certification or seek to extend the motion deadline, the Court declines to allow for the belated filing of the motion. Accordingly, the Court declines to adopt either Party's proposal in the JPRDP for the conduct of discovery, and Parties must amend their JPRDP to propose a plan for discovery limited to the claims of the named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling.

For the foregoing reasons, the Parties are **ORDERED** to file within **14 DAYS** of the entry of this Order an amended Joint Preliminary Report and Discovery Plan limited to the claims of named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling.

IT IS SO ORDERED this ___6th___ day of May, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[3] The Parties did file a stipulation for the conditional class certification, pursuant to § 216(B), for notice purposes only, and the Court adopted certain of its terms. Doc. Nos. [14]; [17]. The stipulation did not serve to alter the motion deadline and neither did the Court's Order.