## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>*Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling ("Named Plaintiffs") and Defendant Cool Air Mechanical, LLC ("Defendant"), through their undersigned counsel of record and pursuant to Local Rule 16.2 and the Court's Order issued on May 6, 2024 (Dkt. No. 40), file this Amended Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   This is a putative collective action brought pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). Named Plaintiffs bring this collective action on behalf of themselves and those alleged to be similarly situated for unpaid minimum wage and overtime in violation of the FLSA. Named

Doc ID

Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling also allege individual claims for breach of contract in violation of Georgia law.  Named Plaintiff Howard and Named Plaintiff Taylor also allege individual claims for retaliation in violation of the FLSA. Defendant denies all such allegations and contends it is not liable to Named Plaintiffs or any others under the FLSA, Georgia state law, or otherwise.

> **(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiffs' Statement**:

Defendant employed Plaintiffs as plumbing and HVAC technicians and/or installers. Plaintiffs have alleged that Defendant failed to pay them for all hours worked, properly compensate them for all overtime hours or pay the proper overtime rate, pay all commissions due and retaliated against at least Plaintiffs Howard and Taylor in violation of 29 U.S.C. § 215(a) when they complained about Defendant not complying with the FLSA or otherwise not paying them properly. For example, Plaintiffs allege that they were not compensated for time driving between jobs or for all meetings and other trainings Defendant requested they attend, at least some of which constitute overtime hours. HVAC installers paid on a piece rate did not receive an overtime premium when their total work hours exceeded 40 in a workweek. Further, the named Plaintiffs allege they were not paid certain commissions they claim they were owed for jobs they sold and/or referrals for new

2

or replacement HVAC units or hot water tanks that the customer wound up buying from Defendant. Plaintiffs allege that Defendant acted willfully and without a good faith bases such that liquidated damages and a three-year statute-of-limitations are applicable under the FLSA.

**Defendant's Statement**:

As an initial matter, Defendant filed its Answer on August 28, 2023, and filed its Amended Answer on September 18, 2023, responding to the factual allegations in Named Plaintiffs' operative complaint and respectfully refers the Court to that Answer with respect to any factual allegations contained in Named Plaintiffs' section immediately above, and Defendant denies any new or additional factual allegations contained in Named Plaintiffs' section above that were not properly pleaded in the operative complaint.

Named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling have sued their former employer Cool Air Mechanical, LLC in a putative collective action for alleged unpaid minimum wage and overtime under the Fair Labor Standards Act ("FLSA"). Named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling also allege individual claims for breach of contract in violation of Georgia law. Named Plaintiffs originally sued Defendant in a putative class action for breach of contract in violation of Georgia law, as well; however, Named Plaintiffs did not timely file a motion for class certification, nor

3

seek an extension of time to file such a motion, and may not file that motion out of time.  Named Plaintiff Howard and Named Plaintiff Taylor also allege individual claims for retaliation in violation of the FLSA. Named Plaintiff Howard worked as a plumber for Defendant from February 6, 2023 through May 16, 2023. Named Plaintiff Taylor worked as a plumber for Defendant from February 6, 2023 through May 10, 2023. Named Plaintiff Mayville worked as a plumber for Defendant from August 17, 2015 through November 20, 2020. Named Plaintiff Bowling worked as an HVAC installer for Defendant from April 1, 2016 through July 13, 2021.

Defendant maintains written policies that ensure non-exempt employees are paid at least the federal minimum wage and overtime for all compensable working time in compliance with the FLSA.  Defendant's timekeeping policies require non-exempt employees to accurately report all of their working time.  Additionally, non-exempt employees are required to review their timesheets at the end of each week to confirm they are accurate prior to submitting them to payroll.  If any non-exempt employees report errors or omissions on their timesheets, Defendant makes the appropriate corrections to ensure they are properly paid for their work (including any overtime hours they may have worked).  Defendant provides its employees a 60-minute unpaid meal break each day. Non-exempt employees are required to clock out when they begin their meal break and clock in when they finish their meal break. If a non-exempt employee must work through a meal break, he or she is paid for the

Doc ID

60-minute period. Non-exempt employees are not required to clock out for shorter rest periods or for their time spent traveling to different job sites in the same workday.

Defendant did not require, encourage, permit, or have knowledge of any alleged off-the-clock work performed by Named Plaintiffs. If Named Plaintiffs did, it was in violation of Defendant's policies and without its knowledge or permission.

Defendant contends that any alleged damages suffered by Named Plaintiffs and members of the purported collective group were the direct and proximate result of their own actions or inactions. Defendant further contends that Named Plaintiffs and members of the purported collective group failed to mitigate their alleged damages because they failed to complain to or otherwise notify Defendant of any issues related to their compensation.

Named Plaintiffs and members of the purported collective group, including the individuals who have filed a consent to participate in this action as party plaintiffs ("Opt-In Plaintiffs"), worked in different locations, held various job titles, worked under different supervisors, and worked during different time periods.

Defendant contends that Named Plaintiffs are not similarly situated to the putative collective members they seek to represent, nor are the members of the putative collective similarly situated to one another.

Doc ID

Defendant maintains comprehensive policies to prevent retaliation, as well as complaint procedures to ensure employee concerns are thoroughly investigated and addressed. Named Plaintiff Howard and Named Plaintiff Taylor did not take advantage of Defendant's complaint procedure or otherwise engage in protected activity. Defendant contends that all actions taken with respect to Named Plaintiff Howard and Named Plaintiff Taylor were for legitimate, non-retaliatory reasons that were unrelated to any alleged protected activity. Defendant further contends that even if Named Plaintiff Howard and/or Named Plaintiff Taylor were able to prove that its actions and decisions were motived – in part- by unlawful retaliatory intend (and they cannot), Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful intend.

Accordingly, Defendant denies that Named Plaintiffs or any other individual is entitled to any relief whatsoever and further denies that this action can be maintained as a collective action or that there are any other individuals similarly situated to Named Plaintiffs.

Defendant notes that discovery has not yet commenced in this action and, as such, Defendant reserves the right to later identify any pertinent facts or defenses to Named Plaintiff's claims.

6

Doc ID

**(c)    The legal issues to be tried are as follows:**

Plaintiffs' Statement of Legal Issues to Be Tried:

The disputed legal issues are the extent to which Defendant failed to pay Plaintiffs, whether the violations were willful or done in good faith, whether retaliation occurred and the resulting damages, and amount of reasonable attorney fees.

Defendant's Statement of Legal Issues to Be Tried:

i.    Whether this action can be properly maintained as a collective action under the FLSA and, in this regard: (1) whether Plaintiffs and the individuals they seeks to represent are "similarly situated", and (2) whether the individualized inquiries necessary to determine the nature of each putative collective member's relationship with Defendant, and the individualized inquiries necessary for Named Plaintiff to prove damages on a collective wide basis, preclude conditional or final certification of an FLSA collective;

ii.    Whether any alleged violations of the FLSA were willful within the meaning of these statutes and whether Defendant acted in good faith reliance on U.S. Department of Labor, policies, practices, or procedures, and/or on good faith grounds and with the reasonable belief that Defendant was not violating the FLSA;

7

iii.    Whether the manner in which Defendant compensated Named Plaintiffs and/or the individuals they seek to represent complied with its obligations under the FLSA;

iv.    Whether Named Plaintiffs were compensated in a manner consistent with their individual offers of employment with Defendant;

v.    Whether Named Plaintiffs' claims are barred, in whole or in part, to the extent that Named Plaintiffs did not suffer any cognizable injury nor suffered any damages;

vi.    Whether each Named Plaintiff's individual offer of employment constitutes a binding contract under applicable Georgia state law;

vii.    Whether Named Plaintiffs' claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and/or laches;

viii.    Whether any of Named Plaintiffs' claims are barred by any applicable statute of limitations;

ix.    Whether any of Named Plaintiffs' claims and/or the claims of those individuals they seek to represent are barred or limited by any of the Defendant's defenses or affirmative defenses;

x.    To what damages, if any, are Named Plaintiffs or those they seek to represent entitled and whether Defendant is entitled to any setoffs against such damages;

8

Doc ID

xi.     Assuming that Named Plaintiffs suffered or sustained any loss, damage or injury, which Defendant specifically denies, whether such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, including Named Plaintiffs themselves, and that their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Named Plaintiffs complain;

xii.    Whether Named Plaintiff Howard and/or Named Plaintiff Taylor engaged in protected activity;

xiii.   Whether Named Plaintiff Howard and/or Named Plaintiff Taylor were retaliated against because they engaged in alleged protected activity;

xiv.    Whether Named Plaintiff Howard and/or Named Plaintiff Taylor can establish a causal connection between any alleged actions or inaction by Defendant and any damages or injuries they allegedly suffered;

xv.     Whether Named Plaintiffs have properly mitigated their alleged damages; and

xvi.    Whether Named Plaintiffs and/or any of the individuals they seek to represent are entitled to attorneys' fees, costs and expenses, and, if so, in what amount.

Doc ID

Parties' Statement:

The lists above are not exhaustive of the issues that may arise in this action. Discovery has not yet begun and it may reveal additional legal issues that are in dispute in this case.  As such, the Parties reserve their right to amend, modify, or supplement the legal issues stated herein.

**(a)    The cases listed below (include both style and action number) are:**

        (1) **Pending Related Cases:** None.

        (2) **Previously Adjudicated Related Cases:** None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

    ☐        (1) Unusually large number of parties

    ☐        (2) Unusually large number of claims or defenses

    ☐        (3) Factual issues are exceptionally complex

    ☐        (4) Greater than normal volume of evidence

    ☒        (5) Extended discovery period is needed

    ☐        (6) Problems locating or preserving evidence

    ☐        (7) Pending parallel investigations or actions by government

    ☐        (8) Multiple use of experts

    ☐        (9) Need for discovery outside United States boundaries

☐       (10) Existence of highly technical issues or proof

**3.    Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**For the Plaintiff:**

Dane Steffenson
dane@thedanelawfirm.com
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
Telephone:  404.919.9719

**For the Defendant:**

Lisa A. Schreter
lschreter@littler.com
Pierre-Joseph Noebes
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326
Telephone: (404) 233-0330
Facsimile: (404) 233-2361

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

☐ **Yes**   ☒ **No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss**

11

Doc ID

**separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

5.    **Parties to This Action:**

(a)    **The following persons are necessary parties who have not been joined:**

Plaintiffs' Statement: None.

Defendant's Statement: At this time, Defendant does not believe there

are necessary parties who have not been joined.

(b)    **The following persons are improperly joined as parties:**

None.

(c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

(d)    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Doc ID

Plaintiffs' Statement:

None unless other related violations are discovered within Defendant's records during discovery by Plaintiffs.

Defendant's Statement: None.

**(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

None.

**7.    Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** ***Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** ***Summary Judgment Motions:* within thirty days after the close of discovery, and on the same date that Defendant is required to file a motion for decertification of a conditionally certified FLSA collective, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** ***Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

Doc ID

  **(d)**   *Motions Objecting to Expert Testimony:* <u>**Daubert**</u> **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.**   **Initial Disclosures:**

  **The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

**9.**   **Request for Scheduling Conference:**

  **Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

  Defendant requests a scheduling conference with the Court to address the differences in the Parties' discovery proposals.

**10.**   **Discovery Period:**

  **The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

  **Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

  **Please state below the subjects on which discovery may be needed:**

<u>Plaintiffs' Statement:</u>

14

For members of the collective documents applicable to them, complete payroll and time records, GPS records for Defendant's vehicles that Plaintiffs operated while performing tasks assigned by Defendant, records sufficient to identify the times of all meetings and other training attended by one or more Plaintiffs at Defendant's request, sales invoice for purchase of HVAC unit or hot water heater by a customer serviced on that day or prior by a Plaintiff, written offers of employment, policies or procedures regarding timekeeping and compensation, prior complaints regarding Defendant inaccurately paying employees, vehicle assignments, and installation records submitted to Defendant by one or more Plaintiffs.

Defendant's Statement:

Discovery will be needed regarding the allegations raised in Named Plaintiffs' Complaint, including but not limited to Named Plaintiffs' claims and the claims of each individual who timely submitted a notice of consent to join this lawsuit as an opt-in plaintiff, and Defendant's defenses thereto. In particular, discovery will be needed as to the legal issues articulated in Section 1(c), as well as the at-will nature of Named Plaintiffs' employment and the employment of each individual who timely submitted a notice of consent to join this lawsuit as an opt-in plaintiff, Defendant's established pay and timekeeping policies and the extent to which Named Plaintiffs and the Opt-In Plaintiffs failed to follow these policies, Named Plaintiffs' and the Opt-In Plaintiffs' reported work hours and the pay they received,

15

the hours that Named Plaintiffs and the Opt-In Plaintiffs claim they worked, whether Named Plaintiff Howard and/or Named Plaintiff Taylor engaged in protected activity, the extent to which Named Plaintiff Howard and/or Named Plaintiff Taylor utilized Defendant's established procedures for reporting workplace concerns, the reasons Defendant took employment actions with respect to Named Plaintiff Howard and Named Plaintiff Taylor, Defendant's good faith compliance with all applicable laws, and damages (including any efforts by Named Plaintiffs and the Opt-In Plaintiffs to mitigate their alleged damages).

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

This action involves collective-wide allegations under the FLSA, and individual allegations under Georgia law.

Plaintiffs' Proposal

Now that conditional certification and the opt-in period is complete, there are only 25 collective members which have been alleged to be similarly situated such that representative testimony will be appropriate. Defendant possesses all time and pay records, including policies and procedures, and offer letters upon which the wage issues will be proven. This case alleges that Defendant did not pay Plaintiffs properly for all hours worked or for commission that the named Plaintiffs earned. Federal law requires Defendant to maintain complete time and pay records that will be relied

16

Doc ID

upon to prove the extent of any unpaid wages in this case. 29 C.F.R. § 516. All differences between Plaintiffs are largely known by Defendant.

Defendant expressly states that they believe they have policies as to how hours have to be reported or similar which Defendant claims should limit their liability. But, the law does not permit agreements that avoid complying with the FLSA. 29 C.F.R. § 785.8. "Work not requested but suffered or permitted is [compensable] work time." 29 C.F.R. § 785.11. The law requires that "[i]n all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough." 29 C.F.R. § 785.13. Attempting to harass opt-in Plaintiffs over the extent they complied with alleged "work rules" on how to report time is not appropriate as there is no relevance to any valid claim or defense.

Defendant proposes a six (6) month discovery tract based on its plan to run up costs and create as much burden as possible for each member of the collective despite Defendant already possessing all relevant records to determine the extent of unpaid wages. Plaintiff requests that if an extended six (6) month tract is granted that an extension only be permitted if the party seeking the extension immediately initiated discovery and did not contribute to any delay during the initial six (6) months. Alternatively, as Defendant's already possess the relevant records and other

17

information, Plaintiffs propose a five (5) month discovery period. Defendant should have 14 days to file any Decertification Motion of the § 216(b) class after discovery closes.

<u>Defendant's Proposal</u>

Discovery in this case should be conducted pursuant to the six (6) month discovery track.

Following a Scheduling Order from the Court, the Parties must engage in discovery necessary to, among other things, permit Defendant to take discovery of the Named Plaintiffs and Opt-In Plaintiffs relevant to the issues to be addressed in a later motion for decertification of the conditionally certified FLSA collective. With respect to discovery, the Parties propose the following:

**(A)    Written Discovery**

<u>Plaintiffs' Proposal</u>

As stated in Plaintiffs' Initial Disclosures, Plaintiffs will rely on Defendant's documents, policies, procedures and conduct to establish that Plaintiffs were subject to the same policies and procedures and to determine the extent of unpaid wages. Plaintiff can accomplish this discovery by serving one set of written discovery consisting of no more than twenty (20) Requests for Documents, Interrogatories and Request for Admission each. As Defendant's already possess the records needed to determine the extent of any unpaid wages and Plaintiffs have little to no relevant

18

documents, Defendant's written discovery should be limited to a total of forty (40) Requests for Documents, forty (40) Interrogatories and forty (40) Request for Admission distributed however Defendant chooses among the Plaintiffs as opposed to the more than six hundred (600) written requests Defendants seek this Court's approval to propound. To the extent there are differences or particular issues with certain Plaintiffs, Defendant has the records and can readily identify through its own records and management practices any differences or specific evidence it may want from certain Plaintiffs. To the extent Defendant is permitted greater discovery, Plaintiffs request to be able to serve half the *total* number of written discovery requests as Defendant is granted.

Defendant's Proposal

Defendant proposes that it shall be permitted to propound on each Named Plaintiff up to twenty-five (25) interrogatories, twenty-five (25) requests for production of documents, and twenty-five (25) requests for admissions during discovery.

Defendant further proposes that it shall be permitted to propound on each Opt-In Plaintiff who has filed a consent to participate in this action as party plaintiffs five (5) interrogatories, five (5) requests for production of documents, and five (5) requests for admissions during discovery.

Doc ID

**(B)    Deposition Discovery**

Plaintiffs' Proposal

Plaintiffs request that this Court limit discovery given the limited evidence Plaintiffs possess that will be used to prove the amount of unpaid wages such that each party may depose four individuals up to four (4) hours each. And, Defendant may depose four (4) opt-in Plaintiffs for no more than two (2) hours each and Plaintiff may have one 30(b)(6) deposition.

Plaintiffs contend that all of the relevant information is already within Defendant's possession and knowledge as the extent of any violations will be based on Defendant's own records and practices. Defendant can easily identify which Plaintiff(s) it believes are not similar to others or unique issues it needs to inquire of a particular opt-in Plaintiff rather than serving general broad requests to every Plaintiff. To the extent Defendant is granted broader discovery, Plaintiff requests an equal amount of depositions of Defendant's employees and others familiar with Defendant's pay practices.

Defendant's Proposal

Defendant proposes that it shall be permitted to take the depositions of each Named Plaintiff and Opt-In Plaintiff who has filed a consent to participate in this action as party plaintiffs.  With respect to the depositions of each Named Plaintiff, Defendant proposes each such deposition shall continue for no longer than seven (7)

20

hours.   With respect to the depositions of each Opt-In Plaintiff who has filed a consent to participate in this action as a party plaintiff, Defendant proposes each such deposition shall continue for no longer than five (5) hours.

Defendant further proposes that it shall be permitted to take the deposition of all persons that Named Plaintiffs intend to call at trial, as well as all persons who will provide testimony in support of any dispositive or other motions filed by Named Plaintiffs.

Defendant further proposes that Named Plaintiffs shall be permitted to take up to five (5) fact depositions of Defendant and one (1) Rule 30(b)(6) deposition, with each such deposition continuing for no longer than seven (7) hours.

**(C)    Expert Discovery**

The Parties agree that expert disclosures should be made three (3) months after the start of discovery.

<u>Plaintiffs' Proposal</u>

Plaintiff proposes that expert rebuttal disclosures be required four (4) months after the start of discovery. One deposition of each expert to be permitted anytime prior to sixty (60) days before pre-hearing report deadline.

<u>Defendant's Proposal</u>

Defendant proposes that any rebuttal expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made on the date sixty (60) days after the

Doc ID

date on which the initial expert disclosure was made.

**(D)    Motions Practice**

The Parties propose that the following schedule shall govern the filing and briefing of dispositive motions (including any motion for summary judgment), a motion to decertify the conditionally certified FLSA collective, and any motions challenging expert disclosures:

Plaintiffs' Position

Time frame for decertification is identified above. Otherwise, Plaintiffs propose following the Local Rules, and as described above in paragraph 7, for dispositive and <u>Daubert</u> motions.

Defendant's Position:

1.    All such motions shall be filed sixty (60) days after close of discovery;

2.    All opposition to such motions shall be filed sixty (60) days after service of the motion;

3.    All replies in support of such motions shall be filed thirty (30) days after service of the opposition.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

22

Doc ID

The Parties state that they neither seek any changes in the limitations on discovery nor request that additional limitations be imposed. The Parties also consent in writing, pursuant to Fed. R. Civ. P. 5, to service by electronic mail (e-mail).

**(b)     Is any party seeking discovery of electronically stored information?**

☒  **Yes**  ☐  **No**

**If "yes,"**

(1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have held preliminary discussions related to ESI and agree that ESI production shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules. The parties have conferred, and will continue to confer, in good faith regarding ESI review and production. The Parties will enter into a confidentiality agreement and/or protective order regarding ESI within 30 days of a Scheduling Order, including but not limited to, a claw-back provision for inadvertently produced documents.

Defendant has suggested that it wants data from all Plaintiffs' cell phones to which Plaintiffs object unless the data sought can be identified as relevant, and unavailable from another less intrusive source, to proving an asserted defense.

Doc ID

Additionally, Defendant claims Plaintiffs must use a third-party to collect data necessary to respond to discovery rather than collecting it themselves to which Plaintiffs also object.

> (2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree, to the extent possible, to produce ESI in searchable .PDF format on removable media or by electronic mail, with each page individually Bates numbered or otherwise identified.  However, Plaintiffs may also produce ESI in accessible native format (i.e. a .pst file).  Both parties reserve the right to request in good faith that, after initial disclosure, specific files be re-produced with associated metadata and in .tiff format, and/or in native file format to the extent not originally requested.  The Parties do not currently anticipate the need for production of metadata other than Plaintiffs are seeking a sufficient audit trail of changes to time records, which may or may not require metadata.  No agreement on this has yet been reached. If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach an agreement.  If they cannot reach an agreement, they shall jointly seek guidance from the Court.

Doc ID

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The Parties anticipate that a Joint Stipulation and Order of Confidentiality and Clawback Agreement ("JSOC") will be necessary to cover confidential proprietary, business, trade secret, and personnel information. The Parties agree to confer regarding the scope and content of any proposed JSOC and will submit it to the Court for approval.

In accordance with Fed. R. Evid. 502(d), in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the

25

privilege or protection with respect to that document or any other documents involving the same or similar subject matter.  The Parties shall include formal proposed "clawback" language dealing with these issues in the proposed JSOC submitted to the Court.

Plaintiffs' Statement:

An order is expected if Defendant files a motion for Decertification of the §216(b) class.  Defendant seeks an order requiring Plaintiffs, rather than the parties, to submit a pretrial report and do so before discovery even ends.  Plaintiffs understand it is their obligation to initiate a conversation between the parties to complete the Consolidated Pretrial Order that Local Rule 16.4 requires. If the Court prefers that Plaintiffs unilaterally provide this report, Plaintiffs request it be due thirty (30) days <u>after</u> the close of discovery as provided in Local Rule 16.4.

Defendant's Statement:

It is the Named Plaintiffs' burden to show that this case can be managed and tried collectively.  As such, it is the Named Plaintiffs' burden to prepare a proposed trial plan demonstrating the manageability of trying this case on a collective basis. Therefore, Defendant respectfully requests that the Court enter an order requiring that Named Plaintiffs shall submit a proposed trial plan thirty (30) days before the close of discovery.

Doc ID

**13.    Settlement Potential:**

    **(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 26, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):** */s/ Dane Steffenson*

**For defendant: Lead counsel (signature):** */s/ Lisa A. Schreter*

    <u>Other participants:</u> Pierre-Joseph Noebes

    **(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

      ☐    A possibility of settlement before discovery.

      ☒    A possibility of settlement after discovery.

      ☐    A possibility of settlement, but a conference with the judge is needed.

      ☐    No possibility of settlement.

    **(c)    Counsel (☒) do or (☐) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>to be determined.</u>**

    **(d)    The following specific problems have created a hindrance to settlement of this case:**

While Defendant has voluntarily provided data, including pay and time information, for Named Plaintiff Howard and Named Plaintiff Taylor to Plaintiffs' counsel, the opt-in period has only recently closed and discovery has not yet begun in this case.

27

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (___☐___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____.

(b)    The parties (___☒___) do not consent to having this case tried before a magistrate judge of this Court.

**JOINTLY SUBMITTED BY:**

*/s/ Dane Steffenson*
Dane Steffenson, Bar No. 677780
dane@thedanelawfirm.com

DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
Telephone:  404.919.9719

*Attorney for Plaintiffs*

*/s/ Lisa A. Schreter*
Lisa A. Schreter, Bar No. 218566
lschreter@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

*Attorneys for Defendant*
*Cool Air Mechanical, LLC*

Dated: May 20, 2024

28

Doc ID

\* \* \* \* \* \* \* \* \* \* \* \*

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____,
2024.

_____
The Honorable Steve C. Jones

29

Doc ID