**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>     *Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>     *Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## STIPULATED PROTECTIVE ORDER AND FRE 502(D) AND (E) CLAWBACK AGREEMENT

WHEREAS, Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, Sean Bowling ("Named Plaintiffs") and Defendant Cool Air Mechanical, LLC ("Defendant" and, collectively with Named Plaintiffs, the "Parties"), by and through their respective counsel of record, enter into this Stipulated Protective Order and Clawback Agreement ("Order") to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure and to protect certain privileged and otherwise protected documents against claims of waiver in the event they are inadvertently produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request or informal production;

WHEREAS, Named Plaintiffs intends to seek from Defendant certain personal information about its current and/or former employees, including but not limited to disciplinary records and other private information and documents, which Defendant may consider to be confidential; and may seek from Defendant certain business information which Defendant considers to be proprietary and confidential;

WHEREAS, Defendant intends to seek from Named Plaintiffs, as well as each individual who timely submitted a notice of consent to join this lawsuit as an opt-in plaintiff ("Opt-In Plaintiffs"), certain personal information about Named Plaintiffs and Opt-In Plaintiffs that they may consider to be confidential, including but not limited to employment records, personal financial information, and other private information and documents;

WHEREAS, this confidential information should be given the protection of an Order to prevent it from being disseminated or used outside this litigation;

WHEREAS, inadvertently produced privileged and otherwise protected information and documents should be given the protection of an Order to protect against claims of waiver and to facilitate their return;

WHEREAS, the Parties have stipulated and agreed, through their respective undersigned counsel, to the following terms regarding the disclosure of information in this litigation that is confidential; and for good cause shown;

IT IS HEREBY ORDERED:

1.     Scope. This Order specifically governs the production, use, and handling of Confidential Information pertaining to Defendant's current and/or former employees, and/or Defendant's business that is produced to or by and exchanged with any person or entity involved in this lawsuit.  The Parties shall act in good faith in designating documents information hereunder as "Confidential Information."

"Confidential Information," as it is used herein, means (a): personal information of non-party individuals, such as may be contained in current and former employees' personnel records; (b) any information constituting or containing sensitive financial, trade secret, or other confidential proprietary business information, including but not limited to the financial, accounting, or other private or confidential information of Defendant or of any current, former, or prospective customer, business partner, or third-party vendor of Defendant; and (c) personal information and documents of a private, sensitive, and/or confidential nature such as medical information and personal financial information. The use of this definition of Confidential Information within this Order and to govern documents produced in this case does not purport or intend to otherwise expand the definition of confidentiality as it now exists under applicable law.

2.     Procedure for Designating Information as "Confidential" or "Confidential – Attorney's Eyes Only".   Confidential Information produced by

Named Plaintiffs, Opt-In Plaintiffs, Defendant, or by way of subpoena, may be marked with the legend "Confidential" by the producing party or the party who requested the information by way of subpoena. Any party may also designate certain documents as "Confidential – Attorney's Eyes Only" if, in the good faith belief of such party, the information is considered to be most sensitive by the party, including but not limited to medical records and sensitive financial, trade secret, or other confidential proprietary business information about Defendant that could or would harm Defendant's competitive business advantage if seen by Plaintiffs and that would be subject to protection under Fed. R. Civ. P. 26(c)(1)(G). Documents marked "Confidential – Attorney's Eyes Only" may be viewed only by the persons listed in paragraph 3 (b) below until such time as the parties agree, the Court orders otherwise, or the procedures in paragraph 7 below otherwise permit disclosure. Upon the designation of any document as Confidential or "Confidential – Attorney's Eyes Only" all copies of such document then or at any time thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

a. *Deposition Transcripts.* If Confidential Information is used as an exhibit in a deposition, the Parties agree that the portion of the transcript that includes discussion of the Confidential Information (and all copies) may be marked

with the legend "Confidential" or "Confidential – Attorney's Eyes Only" by the party asserting that the information contained therein is Confidential Information.

b.   *Filings.*  If documents containing Confidential Information are to be filed with the Court, the filing Party shall provide reasonable notice to the party that has designated the material as confidential of its intent to do so. The parties shall then confer to determine whether the confidential nature of the information can be adequately protected through the use of some less restrictive measure than filing that information under seal, such as redaction. If no such agreement can be reached prior to the filing deadline, whether due to time constraints or differing contentions between the parties, such information must be provisionally filed under seal so that the designating party can move for the Confidential Information to be sealed upon the record in compliance with this Court's procedures regarding sensitive information and public access to electronic case files.

3.   Restrictions on Use and Disclosure of Confidential Information. Confidential Information shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose.  Confidential Information may only be disclosed to people listed in this paragraph pursuant to the terms and conditions of this Order.

a.   Information designated as "Confidential" may only be disclosed to:

i.      The Judges presiding over this lawsuit, their staff attorney(s) and bailiff(s), any stenographic reporters, and any other Court staff to the extent necessarily incident to the litigation of this action;

ii.     The attorneys who are signatories of this Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this lawsuit;

iii.    The Parties and those with whom they share a common interest, to the extent necessarily incident to the litigation of this action;

iv.     Witnesses, to the extent necessarily incidental to the litigation of this Action;

v.      Technical personnel with whom counsel for any party finds it necessary to consult (e.g., professional jury or trial consultants, mock jurors, and professional vendors), in the discretion of such counsel, in preparation for trial of this action;

vi.     Any mediator or settlement officer and their supporting personnel;

vii.    Copying services, experts, investigators, and consulting attorneys; or

viii.   Any other person to whom disclosure is required by law or order of any court of competent jurisdiction.

b.      Information designated as "Confidential – Attorney's Eyes Only" may only be disclosed to:

i.      The Judges or mutually agreed-upon mediator presiding over this lawsuit, their staff attorney(s) and bailiff(s), any stenographic reporters, and any other Court staff to the extent necessarily incident to the litigation of this action;

ii.      The attorneys who are signatories of this Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this lawsuit;

iii.      Individuals whom any party to this lawsuit intends to call as witnesses at trial whose testimony will touch upon the Document marked Confidential;

iv.      Copying services, experts, investigators, and consulting attorneys; or

v.      Any other person to whom disclosure is required by law or order of any court of competent jurisdiction.

c.      Prior to the disclosure by the Parties or their attorneys of any Confidential Information to any expert or witness referred to in paragraphs 3(a)(iv), 3(a)(vii), and 3(b)(iii) of this Order, counsel shall provide such person with a copy of this Order, and that person must agree to be bound by its terms and shall sign a declaration in the form attached hereto as Exhibit A.   This requirement shall not apply to deponents shown Confidential Information only at the time of their depositions.

d.      Should a party believe that it is necessary for litigation purposes to disclose any Confidential Information to any person not specifically listed in Paragraph 3(a) or 3(b), the party seeking such disclosure ("the party seeking disclosure" or "disclosing party") shall:

i.      Inform the other party in writing of the documents it proposes to disclose and to whom before disclosing any documents.

ii.      The parties shall meet to confer and attempt to resolve any dispute within three (3) business days of the written notice.  Unless the dispute is resolved within that time, the party objecting to disclosure must seek protective relief in accordance with the Court's procedures within five (5) days of the conclusion of the three (3)-day period or the meet-and-confer, whichever occurs earlier.  If the party objecting to disclosure fails to do so within the time allowed, the party seeking disclosure shall be entitled to disclose the documents.  The burden of proving that the documents are entitled to protection under the Federal Rules of Civil Procedure remains with the party objecting to disclosure.  The party seeking disclosure shall not disclose the disputed documents while any request for protective relief or motion for a protective order is pending.

4.      <u>Use of Confidential Information at Deposition, Hearing, or Mediation</u>. Whenever Confidential Information or Confident—Attorney's Eyes Only Information is to be referred to or disclosed in a deposition, hearing, or alternative

dispute resolution proceeding, the Parties may exclude from the room any person who is not entitled to receive such information pursuant to this Order. Use of such information during litigation will be subject to the ruling by the presiding judge or magistrate. This agreement does not affect the use of any documents or information at trial; and the Parties may address with the Court at the final pretrial conference the use of Confidential Information or Confidential—Attorney's Eyes Only Information at a hearing, trial, or other proceeding.

5.      Custody of Confidential Information.  Confidential Information and any copies or extract thereof, shall be retained in the custody of the attorneys of record during the pendency of this lawsuit except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

6.      Party Seeking Greater Protection Must Obtain Further Order.  No information may be withheld from discovery because the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection seeks relief as appropriate under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Guidelines for Discovery and Motion Practice [6].

7.      Challenging Designation of Confidentiality.  A designation of materials as "Confidential" or "Confidential – Attorney's Eyes Only" may be challenged at any stage of this litigation and must be in writing. The Parties shall

meet to confer and attempt to resolve any dispute within three (3) business days of the written notice.  Unless the dispute is resolved within that time, the party objecting to disclosure must seek protective relief in accordance with the Court's procedures within five (5) days of the conclusion of the three (3)-day period or the meet-and-confer, whichever occurs earlier. If the party objecting to disclosure fails to do so with the time allowed, the disputed confidentiality designation shall be considered removed. The burden of proving that the documents are entitled to protection under the Federal Rules of Civil Procedure remains with the party objecting to disclosure. The party seeking disclosure shall not disclose the disputed documents while any request for protective relief or motion for a protective order is pending.

8.    This Order shall not prejudice in any way a party's right to use documents or information designated by that same party as "Confidential" or "Confidential – Attorney's Eyes Only" in any manner outside of this litigation without consent of the opposing party or by the Court. But, if a party is not treating such information as Confidential, the party shall remove the designation in this litigation as part of its good-faith effort to limit its Confidential designations. By way of example, Defendant may designate a document confidential but continue to use it in the ordinary course of business; Named Plaintiffs and Opt-In Plaintiffs may designate a medical record confidential but share it with family or physicians for the purpose of obtaining additional medical treatment.

9.      The Parties and their counsel shall maintain all Confidential Information in a secure manner so as to avoid disclosure of its contents. If a receiving party discovers a breach of its own security, including any actual or suspected unauthorized access, relating to a producing party's Confidential Information, the receiving party shall: (a) promptly provide written notice to the producing party of such breach; (b) investigate and take all necessary and appropriate efforts to terminate the unauthorized access, to remediate the effects of the breach, and to prevent recurrence of the breach; and (c) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. The receiving party agrees to cooperate with the producing party or law enforcement in investigating any such security incident.

10.     Nothing herein shall preclude a designating party from withdrawing or the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" or "Confidential – Attorney's Eyes Only" designation.

11.     The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver of any claims of confidentiality.

12.     Effective Date.   This Protective Order shall become effective immediately upon its entry by the Court in this Action.

13.     Clawback Provision Pursuant to Fed. R. Evid. 502(d) and 502(e).

The Parties agree, and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) pursuant to Federal Rules of Evidence 502(d) and (e), the following:

a.     The disclosure or production of documents, data and other information ("Documents") by a Party producing such Documents (the "Producing Party") subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege or the work-product doctrine, to a Party receiving the Documents (the "Receiving Party"), shall in no way constitute the voluntary disclosure of such Document, provided that the Producing Party seeks the return of such Documents in accordance with the terms of this Order within fourteen (14) days of the discovery of their production, or that the Receiving Party notify the Producing Party of its discovery of such documents within fourteen (14) days of the discovery of their production. This rule shall apply to any material produced whether or not the material contains Confidential Information.

b.     The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any

kind, provided that the Producing Party seeks the return of such Documents in accordance with the terms of this Order within fourteen (14) days of the discovery their production, or that the Receiving Party notify the Producing Party of its discovery of such documents within fourteen (14) days of the discovery of their production.

c.    If, during this litigation, a Party determines that any Document produced by another Party is likely subject to a legally recognizable privilege or evidentiary protection ("Protected Document") that would protect the Document from having to be produced:

i.    the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within five (5) days of the Producing Party asserting a claim of privilege as described below, will return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document

extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

ii.    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within five (5) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d.    If, more than fourteen (14) days after production but during this litigation, a Party determines it has produced a Protected Document:

i.    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.

Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection. Any notice contemplated by this subsection shall be delivered by the Producing Party to the Receiving Party no later than five (5) days after the discovery of the production of the documents subject to the notice.

   ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the

Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e.    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 14(c)(ii) and 14(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f.    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, provided that the Producing Party notified the Receiving Party of the documents within fourteen (14) days of the discovery of their production, or that the Receiving Party notified the Producing Party of the documents within fourteen (14) days of the discovery of their production, the Receiving Party is prohibited and estopped from arguing that:

> i.    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii.  the disclosure of the Protected Documents was not inadvertent;

iii.  the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.  the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g.  In the event that the Receiving Party disagrees with the Producing Party's designation of an item as a Protected Document, the Parties shall resolve the dispute in a manner consistent with the Court's procedures and the Local Rules of this Court. The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order or other appropriate resolution of the dispute.

h.  Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

i.  Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored

information) and other information for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

j.      By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

15.    <u>No Alteration of Existing Court Redaction Procedures.</u>    The obligations of this Protective Order shall be in addition to, and not supersede, any redaction requirements of this Court or requirements for filing material under seal.

16.    <u>Miscellaneous.</u>

a.      Nothing herein shall prejudice the right of any party to object to the production of any Discovery Material on the grounds that the material is protected as privileged or as attorney work product.

b.      This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

c.      Nothing herein shall be construed to prevent disclosure of

Confidential Information if such disclosure is required by law or by order of the Court.

        d.      Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation or impair or preclude any party from introducing or offering admissible evidence in consideration of any pre-trial motion or at any deposition, hearing or trial, subject to whatever reasonable limitations the Court may deem necessary to protect or preserve the legitimate concerns of a designating party.

        e.      The restrictions and obligations set forth herein shall not apply to any information that:

      i.   the parties agree should not be designated Confidential Information;

      ii.   the parties agree, or the Court rules, is already public knowledge;

      iii.   the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

      iv.   has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

        f.      The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

g.    Transmission by email is acceptable for all notification purposes herein.

h.    Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

i.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

STIPULATED AND AGREED ON THIS 30th DAY OF JULY, 2024, BY:

*/s/ Dane Steffenson*
Dane Steffenson, Bar No. 677780
dane@thedanelawfirm.com

DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
Telephone:  404.919.9719

*Attorney for Plaintiffs*

*/s/ Lisa A. Schreter*
Lisa A. Schreter, Bar No. 629852
lschreter@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

*Attorneys for Defendant*
*Cool Air Mechanical, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____    _____

The Honorable Steve C. Jones
U.S. District Judge

## EXHIBIT A

## DECLARATION

I declare as follows:

1.     My name is _____. I live at _____
_____. I am employed as _____
with _____. *[If applicable*: I was employed
as _____with _____*.]*

2.     I am aware that there is an Order limiting disclosure and use of the Confidential Information and documents produced by the parties in the matter of *Justin Howard, et al. v. Cool Air Mechanical, LLC,* Case No. 1:23-cv-02725-SCJ, United States District Court for the Northern District of Georgia. I have reviewed or received a copy of that Order.

3.     I agree that I will use the documents and information designated as "Confidential" under that Order only in testifying and/or assisting counsel in preparing for and participating in the above-referenced litigation and *not* for any business, personal, or other purpose.

4.     I further agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

5.     I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: _____     Signature: _____