IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUSTIN HOWARD, et al,

    Plaintiffs,

    v.

COOL AIR MECHANICAL, LLC,

    Defendant.

CIVIL ACTION NO:

1:23-CV-2725-SCJ

## **ORDER SETTING SETTLEMENT CONFERENCE**

This case has been referred for a settlement conference.  Magistrate Judge Linda T. Walker has agreed to conduct such settlement conference.  **All parties** and their lead counsel are **ORDERED TO APPEAR before the undersigned magistrate judge on <u>Thursday, December 5, 2024, at 10:00 a.m.,</u> via ZOOM platform. Credentials will be emailed to the parties**.  An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement.  An uninsured corporate party shall appear by a representative authorized to discuss and make recommendations relating to settlement.

AO 72A
(Rev.8/82)

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and make a serious effort to settle the case on their own. **Before arriving at the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made.** If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

Each party shall provide the undersigned, in confidence, a concise statement of the evidence the party expects to produce at trial **at least three (3) days before the conference.** The statements should include analysis of the strengths and weaknesses of the case and shall outline the settlement negotiations to date. The statement is not to exceed five (5) typed pages, double spaced.

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to

AO 72A
(Rev.8/82)

any other party, or to the trial judge.  The undersigned, of course, will not serve as the trial judge in this case.

At the settlement conference the parties, by counsel, shall give a brief (5 minute) presentation outlining the factual and legal highlights of their case.  Then separate, confidential caucuses will be held with counsel for each party and the parties or a party's representative(s).  Attached is an outline for counsel to review  with the parties prior to the settlement conference to make the best use of the limited time allotted.

**The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference,** by reducing the time for communication of offers and expanding the ability to explore options for settlement.

Let a copy of this Order be served upon counsel for the parties.

**SO ORDERED**, this 21st day of October, 2024.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)

## SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following topics to aid in the effectiveness of your settlement conference.

A.    FORMAT

1.    Parties with ultimate settlement authority **must** be personally present. If this is not possible, you must notify the judge in advance and discuss the alternatives.

2.    The court will use a mediation format, and private caucusing with each side; the judge may address your client directly. The judge will not meet with parties separate from counsel.

B.    ISSUES

1.    What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

2.    What remedies are available resulting from this litigation? From a settlement?

3.    Is there any ancillary litigation pending or planned which affects case value? What about liens?

4.    Do you have enough information to value the case? If not, how are you going to get more information before the conference?

AO 72A
(Rev.8/82)

5.      Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

6.      Is Defendant and/or its carrier solvent?

C.      AUTHORITY

1.      Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the judge and a notice of the settlement conference will be sent.

2.      Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do we need to include the representative from more than one company/carrier?  If so, notify the judge immediately.

D.      NEGOTIATIONS

1.      Where did your last discussions end?  Are you sure?

2.      Schedule with opposing party:  Discussions before the settlement conference to make it proceed more efficiently. At least one offer and response is required.

3.      What value do you want to start with?  Why?  Have you discussed this with your client?

4.      What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times? Does your client understand why?

5

AO 72A
(Rev.8/82)

5.      Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

6.      What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?  What might change the outcome of the settlement conference?  Pending motions, discovery, expert's report, etc.

E.      CLOSING

1.      Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

2.      How soon could checks/closing documents be received?

3.      If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want the court involved in these talks?

4.      If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.

AO 72A
(Rev.8/82)