**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING**, Individually, and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:23-cv-02725-SCJ |
| v. | ) ) | **Jury Trial Demanded** |
| **COOL AIR MECHANICAL, LLC,** | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' UNILATERAL PRETRIAL REPORT**

Pursuant to the Court's Orders issued on May 28, 2024 (Dkt. No. 43), and May 9, 2025 (Dkt. No. 58), Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling ("Named Plaintiffs"), by and through their undersigned counsel of record, file this Unilateral Pretrial Report.

**I.      Counsel for the Parties**

**For the Named and Opt-In Plaintiffs:**

Dane Steffenson
GA Bar No. 677780
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, Georgia 30305
(404) 919-9719
Dane@TheDaneLawFirm.com

**For the Defendant:**

Lisa A. Schreter
Pierre-Joseph Noebes
LITTLER MENDELSON, P.C.
3424 Peachtree Rd. NE, Suite 1200
Atlanta, Georgia 30326
(404) 233-0330
lschreter@littler.com
pnoebes@littler.com

## II.    Statement of Jurisdiction

This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is located and conducts business in the Northern District of Georgia and most, if not all, of the events or omissions giving rise to the claims occurred in this District.

## III.    Nature of the Action

This is a putative collective action brought pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and breach of contract. Named Plaintiffs and the twenty (20) Opt-In Plaintiffs (collectively referred to as "Plaintiffs") bring this collective action for unpaid minimum wage and overtime in violation of the FLSA. Named Plaintiffs also allege individual claims for breach of contract in violation of Georgia law. Named Plaintiffs Chris Taylor and Justin Howard also allege individual claims for retaliation in violation

of 29 U.S.C. § 215(a) of the FLSA. Plaintiffs worked for Defendant as plumbing and HVAC technicians and/or installers in the greater Atlanta metro area.

## IV.    Plaintiff's Assertions

Defendant employed Plaintiffs as plumbing and HVAC technicians and/or installers. Plaintiffs claim that Defendant did not pay them for all hours worked, did not properly compensate them for overtime hours or pay the correct overtime rate, and retaliated against plaintiffs Howard and Taylor when they raised concerns about the defendant's compliance with the FLSA or payment practices. Defendant implemented a systemic policy which deprived Plaintiffs compensation for drive time, on-duty lunch breaks, and/or for all meetings and other trainings Defendant requested they attend, at least some of which constitute overtime hours.

HVAC installers paid on a piece rate did not receive an overtime premium when their total work hours exceeded 40 in a workweek. Further, the Named Plaintiffs allege they were not paid and are owed certain commissions for jobs they sold and/or referrals for new or replacement HVAC units or hot water tanks that the customer wound up buying from Defendant. Plaintiffs allege that Defendant acted willfully and without a good faith bases such that liquidated damages, and a three-year statute-of-limitations are applicable under the FLSA.

## V.    Contested Issues of Fact and Law

The disputed legal issues are the extent to which Defendant failed to pay

Plaintiffs, whether the violations were willful or done in good faith, whether retaliation occurred and the resulting damages, and amount of reasonable attorney fees. More specifically, Plaintiffs state the following:

- Whether Defendant failed to compensate Plaintiffs in a manner consistent with its obligations under the FLSA.

- Whether Defendant acted in good faith reliance on U.S. Department of Labor, policies, practices, or procedures, and/or on good faith grounds and with the reasonable belief that Defendant was not violating the FLSA.

- Whether Named Plaintiffs were compensated in a manner consistent with their agreements with Defendant.

- What damages Plaintiffs are entitled to and whether Defendant is entitled to any setoffs against such damages.

- Whether Defendants retaliated against Taylor and Howard as a result of them demanding Defendants pay all wages owed under the FLSA and the resulting damages.

- Whether Plaintiffs are entitled to attorneys' fees, costs and expenses, and, if so, in what amount.

Discovery has not yet been completed by the parties, and it may reveal additional legal issues that are in dispute in this case.

## VI.    Pending and/or Anticipated Motions and Proceedings

Currently, there are no pending motions before the court. However, the parties have been in discussions regarding outstanding written discovery responses which may result in motions to compel. Defendant may file a motion to decertify and one or both parties may file summary judgment motions and motions in limine.

On October 15, 2024, this Court ordered discovery stayed until five days after mediation which was repeatedly postponed.  As a result, this Court *sua sponte* lifted the stay effective immediately as of May 9, 2025 (Dkt. No. 58).  Since then, the Parties have been working on finalizing discovery responses, have met and conferred in preparation for motions to compel, and begun scheduling 30 depositions to occur over the next month before discovery ends.

The Parties are scheduled to attend mediation with Magistrate Judge Linda T. Walker on June 16, 2025. As ordered by this Court (Dkt. No. 58), the Parties submitted a joint statement indicating that the Parties intend to proceed with the scheduled mediation. (Dkt. No. 59). As such, the Parties will comply with Judge Walker's orders regarding mediation.  The Parties will provide all other information as ordered by Court.

## VII.    Probable Length of Trial

This case shall be tried by a jury and Plaintiffs anticipate ten days for trial.

## VIII.  Witnesses and Exhibits

Plaintiffs will provide their witness list as ordered by this Court 14 days prior to the close of discovery. Although there is still a month left of discovery, Plaintiffs current proposed exhibit list is attached as Exhibit A.

Respectfully submitted this 19th day of May 2025.

*/s/ Dane Steffenson*_____
DANE STEFFENSON
GA Bar No. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Road
Suite L120
Atlanta, GA 30305
(404) 919-9719

*Attorney for Plaintiff*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JUSTIN HOWARD, CHRIS TAYLOR,** | ) | |
| **BILLY MAYVILLE, SEAN BOWLING**, | ) | |
| Individually, and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:23-cv-02725-SCJ |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| **COOL AIR MECHANICAL, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiffs'**

**Unilateral Pretrial Report** was filed with the Clerk of the Court using the

CM/ECF system, which will send a notice of electronic filing to counsel of record.

Respectfully submitted this 19th day of May 2025.

/s/ Dane Steffenson_____
DANE STEFFENSON
GA Bar No. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Road
Suite L120
Atlanta, GA 30305
(404) 919-9719

*Attorney for Plaintiff*

7