IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUSTIN HOWARD, CHRIS TAYLOR,
BILLY MAYVILLE, SEAN
BOWLING, Individually and on behalf
of all others similarly situated,

         Plaintiffs,

v.

COOL AIR MECHANICAL, LLC,

         Defendant.

Civil Action No. 1:23-cv-02725-SCJ

## UNOPPOSED EMERGENCY MOTION TO RENEW STAY PENDING MEDIATION

Defendant Cool Air Mechanical, LLC ("Defendant"), by and through its

undersigned counsel and pursuant to Local Rule 7.2(B), hereby files this Unopposed

Emergency Motion ("Emergency Motion") to stay all further proceedings, including

all discovery deadlines, pending the mediation with Magistrate Judge Walker

scheduled for June 16, 2025. As set forth herein, in light of the Court's Order dated

May 9, 2025 lifting *sua sponte* the existing stay of all proceedings in this action

(including the June 18, 2025 discovery deadline in this action), Defendant

respectfully moves the Court on an emergency basis to renew the prior stay because,

absent such an order, the Parties will be forced to expend very significant financial

and other resources to substantially complete discovery, and the Court may spend

its limited resources addressing potential discovery disputes, even before the

scheduled mediation with Magistrate Judge Walker can occur. Defendant does not seek to extend the length of the discovery period in this case. Rather, as of the filing of this Emergency Motion, there are twenty-seven (27) days left before the current discovery deadline and, if mediation is unsuccessful, Defendants propose that the Parties be ordered to complete discovery by July 13, 2025 (twenty-seven (27) days after the date of mediation). Good cause exists for granting this Emergency Motion.[1]

As background, a stay has been in place in this action since October 15, 2024, to ensure the Parties could focus their attention on preparing for and participating in mediation and thus avoid the unnecessary expenditure of this Court's or the Parties' resources. (*See* Dkt. No. 52). Since the date the stay was entered, and in reliance on that stay, the Parties have devoted their time, attention, and resources to preparing for the scheduled June 16, 2025, mediation with Magistrate Judge Walker. (*See* Declaration of Lisa A. Schreter, ¶ 2). On May 9, 2025, this Court *sua sponte* lifted the stay and ordered the Parties to complete discovery by June 18, 2025. (Dkt. No. 58).

On May 12, 2025, the Parties confirmed to the Court that they intend to proceed with the mediation, which is now just twenty-five (25) days away. (Dkt. No. 59). However, with the prior stay lifted, the Parties are now faced with

---

[1] Good cause also necessitates the expedited procedure of Local Rule 7.2(B), given that the discovery deadline is now just twenty-seven (27) days away.

incurring, on both sides, very substantial litigation and discovery costs at the same time that they are preparing for mediation. For example, absent a renewal of the prior stay, both sides will be forced to spend considerable financial resources completing discovery (including preparing for, conducting, and defending as many as forty (40) depositions, responding to substantial written discovery, conferring about potential discovery disputes, and addressing any unresolved discovery disputes through a conference with the Court), which will materially impede their ability to resolve this case at mediation.

On Defendant's side alone, defense counsel estimates spending *hundreds of thousands of dollars* over the next four (4) weeks to complete discovery involving, for example: (1) preparing for and taking the depositions of twenty-four (24) named and opt-in Plaintiffs; (2) preparing for and defending the depositions of up to sixteen (16) defense witnesses not yet noticed, including a Rule 30(b)(6) deposition; and (3) responding to written discovery requests served by counsel for Plaintiff on May 19, 2025.  (*See* Declaration of Lisa A. Schreter, ¶ 4).  Defense counsel anticipates that Plaintiffs and their counsel will similarly be required to spend substantial financial resources completing the same discovery.  Respectfully, if Plaintiff and Defendant are each required to incur hundreds of thousands in additional legal fees to complete discovery before the June 16, 2025 mediation, it will make it significantly less likely that the case can settle since: (1) Defendant will have spent substantial resources on

3

discovery that it could have instead devoted to a potential settlement and (2) Plaintiff will undoubtedly seek to recover the additional amounts expended in discovery as part of any settlement. In addition, to the extent that the Parties have disagreements about discovery that require this Court's intervention, renewal of the stay will conserve the Court's limited resources as well. Simply put, rather than engaging in concurrent litigation and substantial discovery, that will ratchet up the cost of litigation, Defendant respectfully submits that the Parties' financial resources could be more efficiently put toward the potential resolution of Plaintiffs' claims if the prior stay is renewed.

Importantly, Defendant heeds the Court's prior admonition that no additional time for discovery will be afforded and does not seek to *lengthen* the discovery period in this case. Rather, Defendant respectfully requests that the prior stay of all proceedings (including discovery) be renewed in order to conserve substantial financial resources and increase the likelihood of success at mediation. By renewing the prior stay, the discovery period would not be lengthened but, instead, if the mediation on June 16, 2025, is unsuccessful, the Parties would be required to complete discovery within the same twenty-seven (27) day period (by July 13, 2025) that currently exists to complete discovery as of the filing of this motion.

Defendant makes this request in good faith and asserts that neither party shall be prejudiced by granting this Emergency Motion. The requested stay would not

4

unduly delay the case and, as mentioned above, could obviate the need for the Parties to engage in additional costly litigation, including motions practice and potentially avoidable further discovery, while at the same time enhancing the chance that the scheduled mediation is successful. Defendant's counsel has conferred with counsel for Plaintiffs, Dane Steffenson, regarding this Emergency Motion and Mr. Steffenson indicated that he does not oppose the relief requested herein.

WHEREFORE, Defendant respectfully request that the Court enter an order: (1) renewing the prior stay of this action in all respects, including all pending discovery deadlines, through June 16, 2025, the date of mediation; (2) requiring the Parties to submit a status report on the outcome of mediation by June 18, 2025; and (3) if mediation is unsuccessful, resetting the discovery deadline to July 13, 2025 – twenty-seven (27) days after June 16, 2025. A proposed Order granting this Unopposed Emergency Motion is attached for the Court's convenience.

Dated: May 22, 2025

**RESPECTFULLY SUBMITTED BY:**

*/s/ Lisa A. Schreter*
Lisa A. Schreter, Bar No. 218566
lschreter@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:   404.233.0330
Facsimile:   404.233.2361

*Attorneys for Defendant*

5

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> COOL AIR MECHANICAL, LLC, <br><br> *Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Dane Steffenson
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

*/s/ Lisa A. Schreter*
Lisa A. Schreter
Attorney for Defendant