**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUSTIN HOWARD, CHRIS TAYLOR,** | ) | |
| **BILLY MAYVILLE, SEAN BOWLING**, | ) | |
| Individually, and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:23-cv-02725-SCJ |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| **COOL AIR MECHANICAL, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFFS' MOTION FOR DEPOSITIONS TO BE TAKEN REMOTELY**</u>

Named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling, by and through undersigned counsel, file this motion to allow some opt-in Plaintiffs' depositions to be taken remotely through videoconference. Named Plaintiffs respectfully request that the Court grant their motion and order that Opt-In Plaintiffs who are unavailable to attend in-person during the short period remaining for discovery period, especially given that every day between now and the end of discovery has multiple depositions already scheduled, be allowed to be deposed remotely via videoconference.

I.    **BACKGROUND**

In the Court's May 28, 2024, Scheduling Order, the Court ordered that Defendant "may depose each of the Named Plaintiffs, with each deposition limited

to 7 hours, and each Opt-In Plaintiff, with each deposition limited to five hours." (Dkt. No. 43, p. 2). Plaintiffs also "may depose up to 15 fact witnesses and 1 Rule 30(b)(6) witness, with each deposition limited to 7 hours." (*Id*.).

On October 14, 2024, the Parties filed a Joint Motion to Stay and Referral to Mediate with Magistrate Judge (the "Motion to Stay"). In the Motion to Stay, the Parties expressed the desire to mediate this case in advance of either party filing motions to compel discovery or taking depositions. (Dkt. No. 51, ¶ 4). On October 15, 2024, the Court granted the Motion to Stay and referred the matter for mediation. (Dkt. No. 52). The Parties are scheduled for mediation on June 16, 2024, with Magistrate Judge Linda T. Walker. (Dkt. No. 59).

On May 9, 2025, the Honorable Steve C. Jones lifted the Stay and set the close of discovery as June 18, 2025. (Dkt. No. 58). On May 16, 2025, Defendant noticed twenty-four depositions of all four Named Plaintiffs and the twenty Opt-In Plaintiffs resulting in one or more depositions being scheduled during every workday beginning May 27th and ending June 19th (excluding June 16th due to the scheduled mediation). Even though Plaintiffs' unilaterally scheduled and noticed all Plaintiffs  without any effort to coordinate or identify the witnesses or counsel's availability during the remaining discovery period, Plaintiffs' counsel diligently

2

contacted and successfully coordinated the deposition schedules of twenty-two[1] of the twenty-four noticed deponents.

Within a week of receiving the deposition notices, Plaintiffs' counsel confirmed the in-person depositions for the four Named Plaintiffs. Plaintiffs' counsel also promptly notified Defendant's counsel that twenty-two of the Opt-In Plaintiffs were available on the noticed dates and times. Because some of the Opt-In Plaintiffs were not available to appear in-person on the day noticed due to work or personal constraints, Plaintiffs' counsel was able to confirm all but two of the Plaintiffs at their unilaterally noticed time if the unavailable Opt-In Plaintiffs were permitted to appear remotely via videoconference ("Remote Deposition"). [2].

Even though all of these Opt-In Plaintiffs have agreed to appear via videoconference after rearranging their work and personal schedules on short notice, Defendant is unwilling to agree to them appearing remotely to permit these depositions to be completed within the limited time available.

---

[1] At the time of this filing, Plaintiffs' counsel has not yet been able to confirm two Opt-In Plaintiffs' availability; however, Plaintiffs' counsel will continue to try. Having said this, both Plaintiffs have minimal alleged back wages of less than $2.00 and $3,900.00.

[2] Plaintiffs' counsel confirmed that four of the Opt-In Plaintiffs are out-of-state.

## II.   **LEGAL ARGUMENT**

Rule 30(b)(4) provides that a deposition may be taken by remote means with party consent or by court order. Fed. R. Civ. P. 30(b)(4). The deposition may be recorded by "audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3)(A). Courts consistently evaluate requests for remote depositions by weighing the interests of the parties, the burden on the deponent, and the procedural safeguards necessary to ensure fairness. *See, e.g.*, *Kean v. Bd. of Trs. of the Three Rivers Reg'l Library Sys.*, 321 F.R.D. 448 (S.D. Ga. 2017) (observing that remote depositions are often suitable for shorter or less critical depositions as compared to complex cases). In *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754 (11th Cir. 2024), the Eleventh Circuit affirmed the trial court's decision to allow remote participation in a deposition, emphasizing that remote procedures can still satisfy due process and discovery obligations when proper procedural safeguards are in place.

This case supports remote depositions of some Opt-In Plaintiffs where all Named Plaintiffs and some Opt-In Plaintiffs have or will occur in person and up to 40 depositions, 35 of which have been noticed, must occur in less than a month to complete them within the current discovery period. Additionally, the only Plaintiffs seeking to appear remotely to fit them all in when noticed during this limited time frame are Opt-In Plaintiffs many of whom have small claims and worked only

4

months or a very short period for which unpaid wages are sought. Moreover, as a result of this Court not permitting Rule 35 class certification, the issues are very limited and simple for the Opt-Ins involving their hours and wages under the FLSA.

Courts acknowledge the effectiveness of videoconferencing as a deposition method. *See, e.g.*, *Kean* 321 F.R.D. at 448 (discussing the practicalities of remote depositions noting that modern videoconference software allows for effective document sharing and interaction); *Romero v. Drummond Co.*, 552 F.3d 1303 (11th Cir. 2008) (allowing Plaintiff to appear for a deposition via videoconference to address logistical challenges); *Farahmand v. Local Properties, Inc.*, 88 F.R.D. 80 (N.D. Ga. 1980) (allowing remote videotaped depositions to address financial and visa constraints); *Savannah v. Palmerio*, 135 Ga. App. 147 (Ga. Ct. App. 1975) (emphasizing that videotaped depositions provide a more accurate record of a witness' testimony compared to stenographic transcripts). Not only do courts permit and authorize depositions by remote means, they also permit testimony in court by virtual means. *See* Fed. R. Civ. P. 43.

## III.   <u>REQUEST FOR RELIEF</u>

Legitimate reasons exist to allow the Opt-In Plaintiffs who are not available on currently unilaterally noticed depositions to be deposed remotely via

videoconference. [3] Plaintiffs are working diligently to accommodate the grueling deposition schedule. Each Plaintiff needs to receive time off with their employer, rearrange and reassign jobs, and potentially make childcare arrangements. At least one has a previously scheduled medical appointment at the time the depositions is noticed. And, since every day is full or double booked already, there are no available "alternative" free days within the discovery period to accommodate any scheduling issues. .

Despite these challenges, Plaintiffs and Plaintiffs' counsel have gone out of their way to rearrange work and personal obligations to ensure Defendant could take all of these depositions within the remaining limited discovery period. While Plaintiffs request that Opt-In Plaintiffs who are not available to appear in person should be allowed to appear remotely under these circumstances. Currently, Plaintiffs' counsel has confirmed all four Named Plaintiffs and at least four Opt-In Plaintiffs for in-person depositions. Additionally, four are out of state during this period and Defendant has agreed to take them remotely but only if the court reporter is present in the same space as the witness (as opposed to the reporter also

---

[3] There is no argument being raised that the Named Plaintiffs or even all the Opt-Ins should be deposed remotely. Similarly, the Opt-Ins who are not available on currently scheduled dates may be available if provided a few weeks to arrange their personal and work schedules and obtain the full day off from work that will be required to attend the deposition in person.

being remote), which leaves up to eleven Opt-In Plaintiffs that have requested to appear remote on the date noticed. If Plaintiffs' counsel is free to try and move these individuals around, a few more could probably be available for in person.

The claims and defenses are not complicated in this case and even less so for the Opt-In Plaintiffs. Each of the Opt-In Plaintiffs' claims, alleged back wage amount, and detailed basis for the amount owed were provided to Defendant several months ago. Plaintiffs are willing to enter into a stipulation regarding procedural safeguards for the remote depositions via videoconferencing. This stipulation can address things such as valid oath administration, the method by which counsel introduces and marks exhibits, and the recording of the deposition. The burden on the Opt-In Plaintiffs and logistics of completing discovery and ability for Defendant to still get all discovery sought outweighs Defendant's rigid position of demanding all depositions of local Plaintiffs appear in person at the times noticed during this very limited time period.

## IV. **CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request that the Court grant their motion and order that Opt-In Plaintiffs who are unavailable in-person during the remaining discovery period be allowed to be deposed remotely via videoconference.

## <u>MEET AND CONFER CERTIFICATION</u>

Counsel for Plaintiffs conferred with counsel for Defendant but were not able to reach an agreement on the remote depositions via videoconference.

Respectfully submitted this 29th day of May 2025.

*/s/ Dane Steffenson*_____
DANE STEFFENSON
GA Bar No. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Road
Suite L120
Atlanta, GA 30305
(404) 919-9719

*Attorney for Plaintiffs*


**CERTIFICATION:** The above-signed counsel hereby certifies that this document was prepared in Time New Roman 14-point font and a 1.0 inch top margin in accordance with LR 5.11B, N.D. Ga.

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFFS'**

**MOTION TO PERMIT DEPOSITIONS TO OCCUR REMOTELY** with the

Clerk of Court using the CM/ECF system which will automatically send email

notification of the filing to all attorneys of record.

This 29th day of May 2025.

*/s/ Dane Steffenson*

DANE STEFFENSON
GA Bar No. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Road
Suite L120
Atlanta, GA 30305
(404) 919-9719

*Attorney for Plaintiffs*