# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, Individually, and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:23-cv-02725-SCJ |
| v. | ) ) | **Jury Trial Demanded** |
| COOL AIR MECHANICAL, LLC, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION TO COMPEL FIRST REQUEST FOR PRODUCTION

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Named Plaintiffs Justin Howard, Chris Taylor, Billy Mayville, and Sean Bowling, by and through undersigned counsel, move to compel Defendant Cool Air Mechanical, LLC ("Cool Air" or "Defendant") to respond completely to Plaintiffs' First Request for Production (the "Request") and for their fees in having to bring this motion.

The Request contains only ten (10) requests for documents. After numerous attempts, Defendant has still not produced all of the responsive documents for at least two (2) of the Requests – Request Nos. 4 and 10 regarding sales and commissions data. Defendant either needs to supplement its responses with all relevant information or amend its responses stating that there are no more

responsive documents than what has already been provided to Plaintiffs. As the Stay on discovery was lifted on May 9th, this Motion is timely brought by Plaintiffs.

In light of the discovery deadline in this matter, and for the reasons set forth more fully below, the Court should compel Defendant to supplement its discovery responses, produce all responsive documents, and identify which documents (by bates number) are responsive to each document request within seven days of the issuance of the Court's Order.

## I.      BACKGROUND

Plaintiffs brought this collective and class action against Defendant for its willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, breach of contract, and individual claims for retaliation. Cool Air provides residential and commercial cooling, heating and plumbing service, repair, maintenance and installations throughout the Atlanta metropolitan area. The four (4) Named Plaintiffs and twenty (20) Opt-In Plaintiffs (collectively referred to as "Plaintiffs") were employed by Cool Air to service, repair, maintain, and/or install cooling, heating, or plumbing equipment at customer job sites. From June 17, 2020, to June 2023, Cool Air systemically failed to pay Plaintiffs for all hours worked including drive time, attendance at mandatory meetings and trainings, work performed at Defendant's facility, and on-duty meal periods; properly

compensate Plaintiffs for all federally mandated overtime; and pay all commissions due to them.

On June 9, 2024, Plaintiffs served the Request on Defendant requesting specific categories of documents directly related to Plaintiffs' allegations. (*See* Dkt. No. 44). As stated in Plaintiffs' Initial Disclosures, Defendant is in possession and control of most of the documents relevant to this litigation. (Dkt. No. 38, Attachment C). On July 11, 2024, Defendant answered the Request, a copy of which is attached as **Exhibit A**. Prior to producing documents, Defendant requested that the Parties enter into a protective order, which was done on July 30, 2024, and governs the production, use, and handling of Confidential Information pertaining to Defendant's current and/or former employees (the "Protective Order"). (Dkt. No. 47, p. 3).

Defendant finally produced initial documents on September 19, 2024 (COOL _AIR_1 through 740). After reviewing these documents, Plaintiffs' counsel communicated with Defendant's counsel repeatedly in September and October regarding alleged deficiencies in their response to the ten (10) requests. On October 2, 2024, Defendant produced additional documents (COOL _AIR_741 through 6785) and asked if Plaintiffs would agree to mediation with a stay of discovery. Plaintiffs agreed only after discussed their concern with needing additional information to even be able to calculate back wages to be able to make a

proper demand and have meaningful mediation and receiving assurance that Defendant would produce such documents. (*See* email attached as **Exhibit B**).

Accordingly, the Parties filed a Joint Motion to Stay and Referral to Mediate with Magistrate Judge ("Motion to Stay") seeking to mediate with the assistance of a Magistrate Judge in advance of either party filing motions to compel to complete written discovery and taking depositions. (Dkt. No. 51, ¶ 4). On October 15, 2024, this Court granted the Motion to Stay and referred the matter for mediation. (Dkt. No. 52).

Plaintiffs diligently continued trying to obtain relevant documents from Defendant to calculate damages for each of the Plaintiffs. After numerous attempts to obtain the requested information and documents needed to calculate back wages for each Plaintiff, Defendant produced a final set of documents on February 5, 2025. Despite Defendant's production still being deficient, Plaintiffs put together a detailed spreadsheet of data points from Defendant's incomplete records to estimate back wages owed and formulate an offer prior to mediation.

On March 26, 2025, the Parties appeared before Magistrate Judge Linda T. Walker and advised the Court that had offers had only recently been exchanged and a short 30 day postponement should make mediation more productive. But, the Court's first availability was about 60 days out and Defendant claimed it was not

available for another month beyond that. (Dkt. No. 57). As a result, mediation was reset for June 16, 2025. (*See* Dkt. No. 58, p. 2).

Five weeks before mediation, the Honorable Steve C. Jones lifted the Stay *sua sponte* and ordered discovery be completed by June 18, 2025. (Dkt. No. 58). The Parties subsequently confirmed that they intended to proceed with the mediation scheduled for June 16, 2025. (Dkt. No. 59). The Defendant then sought reinstatement of the discovery stay, which this Court denied. (Dkt. Nos. 63-64).

**<u>Defendant's Deficient Responses</u>**

On May 19, 2025, the Parties met and conferred on Defendant's responses to the Requests. Defendant's counsel confirmed that all documents have been produced for RFP Nos. 1, 2, 3, 5, and 9. (*See* email attached as **Exhibit C**). However, Defendant would not be producing all of the information and documents requested for RFP Nos. 4 and 10.

*<u>Request No. 4</u>*

Request No. 4 specifically requests:

> Documents sufficient to identify the basis for each commission paid to Plaintiffs including, but not limited to, (a) what was sold that resulted in commission, (b) the amount of the sale related to the commission, (c) the date of the sale and, if applicable, the referral, (d) the name of the client, (e) amount and any basis for a reduction to the commission, and (f) any communications related to the basis for an identified commission.

(Exh. A, pp. 5-6).

Defendant responded to Request No. 4 as follows:

> Defendant objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims in this action to the extent it seeks documents and information pertaining to commissions paid to any of the Named Plaintiffs or Opt-In Plaintiffs outside the limitation period applicable to their claims. Defendant further objects to Request No. 4 to the extent it seeks confidential documents and information pertaining to Defendant's business that are not relevant to any claim or defense in this case. Defendant further objects to Request No. 4 to the extent it requests information related to third persons who are not parties to this action.

> Subject to and without waiving the foregoing objections, Defendant will produce invoices for tankless water heaters and HVAC systems sold by the Named Plaintiffs and Opt-In Plaintiffs and similar sources of commission-generating revenue during the applicable limitations period after entry of a protective order.

(*Id*. at 6).

## *Request No. 10*

Request No. 10 specifically requests:

> Documents sufficient to show all purchases of tankless hot water heaters or HVAC system by a client who received a service call by one of the Plaintiffs within 30 days of the purchase. For each instance, provide the invoice for service and invoice reflecting the purchase of the HVAC unit or tankless hot water.

(*Id*. at 10).

Defendant responded to Request No. 10 as follows:

> Defendant objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. Specifically, this Request, which asks Defendant to produce all "documents sufficient to show" any purchase of a tankless hot water heater or HVAC system by an client who received a service call from any of the Named Plaintiffs or Opt-In Plaintiffs within 30 days of the purchase is overly broad, unduly burdensome, and neither relevant to the claims nor proportional to the needs of this case. Indeed, this Request seeks to have Defendant locate and review each and every document that might "show" each purchase of a tankless hot water heater or HVAC system that was serviced by any of the Named Plaintiffs or Opt-In Plaintiffs within 30 days, even if such documents are duplicative and/or not relevant to the claims in this case. Defendant further objects to this Request to the extent it seek information related to third persons who are not parties to this case. Defendant further objects to this Request to the extent it is duplicative of Request No. 4.
>
> Subject to and without waiving the foregoing objections, Defendant refers the Named Plaintiffs and Opt-In Plaintiffs to the documents that will be produced in response to Request No. 4.

(*Id*. at 10-11).

Regarding both RFP Nos. 4 and 10, Defendant's counsel informed Plaintiffs' counsel during the meet and confer that Defendant would now **only** be producing sales and commission documents **for the Named Plaintiffs** from June 17, 2020, through each of the Named Plaintiff's separation from the company ("Litigation Period"). Plaintiffs' counsel explained their position that sales and commission

documents are relevant and necessary to determine the regular rate of pay for **both the Named and Opt-In Plaintiffs**. Despite this argument and Defendant's written response that sales and commission documents would be provided for **both the Named and Opt-In Plaintiffs**, Defendant is unwilling to produce sales and commission data for the Opt-In Plaintiffs. (*See* email attached as **Exhibit D**).

While Defendant's counsel stated on May 19, 2025, during the meet and confer that they would discuss the production of these documents with their client, Defendant has not provided an update and has had over 10 months (this includes the three-months prior to the stay of discovery) to locate and provide the sales and commission data. Other than a few pay stubs or payroll summaries showing what Defendant paid a Plaintiff as commission,[1] Defendant still has not provided any of the documents needed to determine what commissions were owed to Plaintiffs including none of the sales data requested.

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). "Parties may obtain discovery regarding any nonprivileged matter

---

[1] While the produced documents contain information of whether commissions were paid in a particular pay week, Plaintiffs cannot verify from these summary documents whether the amount paid is accurate, the regular rate of pay is accurate, the percentage earned is accurate, or total amount of commissions earned that weren't paid during each workweek.

that is relevant to any party's claim or defense and proportional to the needs of the case." *Coates v. Lyft, Inc.*, 2023 U.S. Dist. LEXIS 241147 (N.D. Ga. May 15, 2023) *quoting* Fed. R. Civ. P. 26(b)(1). Document requests must be fully answered to the extent not objected to. Fed. R. Civ. P. 34(b)(2). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *United States v. Paris*, 2020 U.S. Dist. LEXIS 256574 *2 (N.D. Ga. October 23, 2020) quoting Fed. R. Civ. P. 37(a)(4). When a party fails to respond or objects to a discovery request, the serving party may request an order compelling disclosure after a good faith effort to resolve the contested issue. Fed. R. Civ. P. 37(a).

The party resisting production bears the burden "of showing that the information sought is confidential, irrelevant, unduly burdensome to produce, or privileged." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000). This burden is not met by conclusory claims that privilege applies." *Townhouse Rest. Of Oviedo, Inc.* v. NuCO2, LLC, 2020 WL 4923732, at * 2 (S.D. Fla. 2021). "District courts granting motions to compel discovery shall 'require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees,' unless the 'circumstances make an award of expenses unjust.'" *Smith v. Atlanta Postal Credit Union*, 350 Fed. Appx. 347 at *7-8 (11th Cir. 2009). Cool Air has no substantial

justification for failing to produce the documents and should be ordered to produce the documents and pay Plaintiffs' fees.

## III.    SPECIFIC REQUESTS, OBJECTIONS, AND DISPUTES

Plaintiffs are entitled to an order compelling Defendant to produce all documents responsive to requests 4 and 10. The discovery at issue seeks specific information relevant to Plaintiffs' claims against Defendant. Specifically, the Named Plaintiffs' breach of contract claim for unpaid commission and all Plaintiffs' claims for overtime which require all monies owed each week to be known and included in determining the regular rate of pay on which the overtime rate is based. To date, Defendant has failed to provide in response to RFP Nos. 4 and 10 all nonprivileged documents that are relevant to both the Plaintiffs' claims and Defendant's defenses.

### A.    Request for Production No. 4

In response to RFP No. 4, Defendant's response states that it will "produce invoices for tankless water heaters and HVAC systems sold by the **Named Plaintiffs <u>and</u> Opt-In Plaintiffs** and similar sources of commission-generating revenue during the applicable limitations period after the entry of a protective order." (Exh. A, p. 6, emphasis added). Despite the Protective Order being entered on July 30, 2024, and Plaintiffs limiting the scope of RFP No. 4 to the Litigation Period, Defendant still has not produced the documents.

While Plaintiff produced some pay stubs or payroll summaries that contain information regarding the amount of commissions paid in a particular pay week, Plaintiffs cannot verify from these summary documents whether the amount paid is accurate, what other commission was owed but not paid, and in which pay period the commission paid was earned all of which is required to calculate the correct regular rate of pay and amount of unpaid commissions for Named Plaintiffs. Request 4 asks for the underlying documentation to support any commissions that were either paid or earned but not paid by Defendant. Request 4 does not ask for "all documents" but rather merely seeks "documents sufficient" to identify the applicable sales for which some commission was paid to permit Plaintiffs to determine the accuracy of commissions paid. Defendant appeared to agree it would produce relevant invoices which would contain the majority of information sought other than "(e) amount and any basis for a reduction to the commission, and (f) any communications related to the basis for an identified commission." Nevertheless, Defendant has yet to produce these documents and now claims it is refusing to do so as to Opt-In Plaintiffs. The documents are relevant and Defendant has no justification for continuing not to produce them.

### B.    Request for Production No. 10

In responding to RFP No. 10, Defendant directs Plaintiffs' attention to the documents produced in response to RFP No. 4. However, the documents requested

in RFD No. 10 seeks to identify where a Plaintiff is owed commission for selling a job that someone else completed (i.e. a plumber selling an HVAC unit or an HVAC technician selling a hot water heater). The documents sought are not the same between the two requests. Additionally, Defendant has not produced a single document in response to request 4 that even arguably be responsive to request 10. Like the prior request, this request seeks only "documents sufficient" as opposed to "all documents." The documents are relevant to determine the amount of commissions under the Named Plaintiffs breach of contract claim which expressly alleges Defendant failed to properly pay commissions earned. The documents are also relevant to all Plaintiffs overtime claim as all money owed must be known to properly calculate the regular rate. The request is narrowly tailored and relevant to all Plaintiffs' claims. They are also relevant to Defendant's defense that it properly paid all commissions and properly paid overtime.

Defendant has not demonstrated how this request is overly burdensome, not relevant or otherwise improper. Defendant has electronic records in which it can identify when a client who purchased an HVAC unit or hot water heater had a service call within 30 days from one or more Plaintiffs. And, Defendants were required to track this information to ensure it paid its employees properly to whom it promised commission.

This determination is relevant to both Named and Opt-In Plaintiffs. As discussed above, Named Plaintiffs are entitled to this information because the commission is owed to them and sought as part of this litigation. For both Named and Opt-In Plaintiffs, the documents are needed to determine the correct regular rate of pay for overtime. As the documents are relevant to claims and defenses for all Plaintiffs, and Defendant has no reasonable justification for not producing them, they should be compelled and Defendant ordered to pay Plaintiffs' fees.

## IV.    CONCLUSION

The documents Plaintiffs seek in response to RFP Nos. 4 and 10 are relevant to claims and defenses and Defendant has not put forth any valid objection or privilege as to why the documents should not be produced. Moreover, Defendant agreed to produce many of these documents in its initial written response and only now wants to argue that it will not do so. Plaintiffs respectfully request that this Court enter an order compelling Defendant to provide full and complete responses, including all responsive documents, to RFP Nos. 4 and 10 within seven days and award Plaintiffs their fees for having to bring this motion.

### CERTIFICATION OF COUNSEL

Pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1, the undersigned counsel herby certifies that he has, in good faith, conferred with counsel for Defendant in an effort to secure the information and material described herein

without court action. Defendant's counsel stated that relevant, requested information and documents pertaining to the Opt-In Plaintiffs would not be provided. While Defendant's counsel said it would discuss RFP Nos. 4 and 10 with its client, Defendant still has not produced the documents, or provided a time frame in which Plaintiffs' can expect the documents, if any.

Respectfully submitted this 1st day of June 2025.

/s/ Dane Steffenson_____
DANE STEFFENSON
GA Bar No. 677780
Dane@TheDaneLawFirm.com

**DANE LAW LLC**
3575 Piedmont Road
Suite L120
Atlanta, GA 30305
(404) 919-9719

*Attorney for Plaintiff*

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Time New Roman 14-point font and a 1.0 inch top margin in accordance with LR 5.11B, N.D. Ga.

# CERTIFICATE OF SERVICE

I hereby certify that on June 1st, 2025, a true and correct copy of the foregoing **Plaintiffs' Motion to Compel First Request for Production** was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Dane Steffenson*_____
DANE STEFFENSON

*Attorney for Plaintiff*