IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>    Defendant. | Civil Action No. 1:23-cv-02725-SCJ |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEPOSITIONS TO BE TAKEN REMOTELY**

Defendant Cool Air Mechanical, LLC ("Cool Air"), submits its response in opposition to Plaintiffs Justin Howard, Christa Taylor, Billy Mayville, and Sean Bowling's ("Named Plaintiffs") Motion for Depositions to Be Taken Remotely ("Motion") (ECF No. 66), which is actually a motion for a protective order because Named Plaintiffs seek to prohibit Cool Air from taking standard, in-person depositions of the 14 Opt-in Plaintiffs who live in Georgia and near Plaintiffs' attorneys' office.

## I.    LEGAL STANDARD FOR DEPOSITIONS OF PARTY-PLAINTIFFS

"[A] *plaintiff* generally is subject to deposition in the district in which the suit was brought" but "the court may enter a protective order…allowing the witness to testify by remote transmission [] in order to protect against undue burden or expense." *Kean v. Bd. of Trs. of the Three Rivers Reg'l Libr. Sys.*, 321 F.R.D. 448,

452 (S.D. Ga. 2017) (emphasis added, citing Fed. R. Civ. P. Rules and Commentary, Rule 30; denying motion for protective order and ordering plaintiff to appear for in-person deposition); Fed. R. Civ. P. 30(b)(4) (providing "the court may on motion" order that a deposition be conducted remotely).

To obtain a protective order barring Cool Air from conducting in-person depositions of the party-plaintiffs, Plaintiffs must show "good cause." Fed. R. Civ. P. 26(c)(1). Plaintiffs must meet their burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Troxel v. Gunite Pros, LLC*, No. CV 1:21-00057-WS-N, 2022 WL 2762905, at *1 (S.D. Ala. Mar. 17, 2022) (citation omitted; denying motion for protective order to require remote depositions of plaintiffs in an FLSA collective action). The Court must also "balance the interests of those requesting the order" with Cool Air's interests. *Id. (citation omitted).*

Cool Air first noticed the depositions of the 14 Opt-In Plaintiffs at issue here in November 2024 and indicated that they would be conducted in person. (*See* Declaration of Lisa A. Schreter ("Schreter Decl."), ¶2 and Ex. A, filed herewith.) More recently, shortly after the Court lifted the stay of all proceedings in the case, Cool Air issued updated deposition notices to the 14 Opt-In Plaintiffs that again indicated that the depositions would be taken in-person. (*Id.*, ¶ 7 and Ex. E). There was nothing unexpected or atypical about either the original notices issued in

2

November 2024 or the more recent updated notices.  Thus, Plaintiffs do not meet the "good cause" standard for a protective order. Further, Cool Air will be prejudiced if it is prevented from conducting in person these critical party-plaintiff depositions, which will be document-intensive and will require Cool Air to evaluate the credibility of the Opt-In Plaintiff's claims, as well as their ability to represent the other twenty-three (23) members of the collective. (*Id.*, ¶ 18.)

Plaintiffs in their Motion cite *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754 (11th Cir. 2024) as emphasizing that "due process" is satisfied with remote depositions (ECF No. 66 at 4), but the *Stansell* opinion does not discuss remote depositions. *See generally,* 120 F.4th 754. Instead, in mere passing, the Eleventh Circuit mentions that a ***defendant*** was permitted to appear remotely for a deposition regarding whether garnishments against him were proper. *Stansell* has no bearing on whether a defendant may be prevented from deposing ***party-plaintiffs***, as is the case here. *See generally,* 120 F.4th 754. Cases involving the depositions of anyone who is not a ***party-plaintiff*** are distinguishable as not involving the same due process concerns present here. *See generally, e.g., Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980) (holding Due Process Clause entitlement to an impartial tribunal applies in civil cases). The Opt-in Plaintiffs must make themselves available for in-person depositions.

3

The Court should enter an order: (a) denying Plaintiffs' Motion and (b) compelling Plaintiffs' attorneys to provide by June 5, 2025, the dates and times of availability for the 14 Opt-in Plaintiffs for in-person depositions.[1]

## II.   REBUTTAL TO PLAINTIFFS' "BACKGROUND"

Plaintiffs ask the Court to "allow **_some_**" Opt-in Plaintiffs depositions to be taken remotely but do not identify the Opt-In Plaintiffs who they seek to bar Cool Air from deposing in person. (Mot., ECF No. 66 at 1 [emphasis added].)  Despite Cool Air's repeated requests, Plaintiffs have failed to identify: (1) precisely who they seek to have deposed remotely, and (2) the dates on which the Opt-In Plaintiffs may be deposed in person. (*See* Schreter Decl. ¶¶ 2 to 17 and Exs. A, C, E, and H.)

Plaintiffs in their Motion fail to tell the Court that Cool Air has **_voluntarily agreed to remote depositions of the four Opt-In Plaintiffs_**[2] who Plaintiffs' counsel now claims live outside Georgia. (*See id*., ¶¶ 13; *see also generally*, Mot., ECF No. 66.) Plaintiffs also omit the key fact that **_Cool Air first noticed the Opt-In Plaintiffs for depositions on November 19, 2024_**.[3] (Schreter Decl. ¶ 2 and Ex. A [Email to

---

[1] These 14 Opt-in Plaintiffs are: Keion Hylton, Brittany Jefferson, Scott Kidd, Joel Kuolas, Eric Lott, Matthew Martin, Raymond Massey, Barry McGowen, Michael Pharr, Marvin Picon, Erick Pippins, Stanislav Stankov, Brandon Smith, and Douglas Stewart.

[2] These four Opt-in Plaintiffs are: Phillip Brantley, Stephen Ford, Klayton Sproles, and Valencia Williams.

[3] Indeed, in their formal motion filed on May 30, 2025, Plaintiffs make the material misrepresentation to the Court that "Defendants waited until the last month of discovery to begin noticing the 24 depositions". (Dkt. No. 67 at 2).  This statement, however, is demonstrably false.

Dane Law attaching deposition notices for twenty (20) Opt-In Plaintiffs in December 2024 and January 2025 and stating, "***let us know if any of these proposed dates will not work and provide alternative dates***."] [emphasis added]**).**

On December 8, 2024, Plaintiffs' counsel responded that it did not have time to "attempt to schedule dozens of depositions." *Id.* ¶ 3 and Ex. B [Dane Law Nov. 19, 2024, email].) Because discovery was stayed under the Court's October 15, 2024 Order (ECF No. 52), Cool Air agreed to "***postponing*** the depositions for the … Opt-In Plaintiffs." (Schreter Decl. ¶ 4 and Ex. C [Littler email to Dane Law] [emphasis added].)  Plaintiffs' Counsel responded with its agreement that the depositions would take place "***once the stay is lifted***." (*Id.* ¶ 5 and Ex. D [Dane Law Dec. 8, 2024, email stating "attempting to serve …deposition notices … should be reserved once the stay is lifted"] [emphasis added].)

After the Court lifted the stay (which had run from October 1, 2024, to May 9, 2025), on May 16, 2025, Cool Air promptly re-served updated deposition notices for the same 20 Opt-In Plaintiffs who Cool Air previously noticed in November 2024. (Schreter Decl. ¶ 7 and Ex. E; ECF No. 58; *see also generally*, Mot. ECF No. 66.)  In response, Plaintiffs agreed to in-person depositions for only *two* of the 20 Opt-In Plaintiffs, and Cool Air in turn agreed to remote depositions for *four* of the Opt-In Plaintiffs based on Plaintiffs' counsel's representation that they lived out-of-state.  (*See id*.)  Cool Air has noticed the depositions for the remaining 14 Opt-Ins -

- each of whom live not more than 46.1 miles, as close as 12.3 miles, and on average 24.61 miles, from Plaintiffs' counsel's office in Atlanta. (Schreter Decl. ¶¶ 7, 15, 16 and Ex. E.) Despite Cool Air's requests, Plaintiffs' counsel has failed to provide dates for in person depositions for the remaining 14 Opt-In Plaintiffs. (Schreter Decl. ¶¶ 2 to 17 and Exs. A, C, E and H.)

Plaintiffs have not shown good cause to amend the Court's May 24, 2024, Order letting Cool Air conduct depositions of the remaining 14 Opt-in Plaintiffs. (ECF No. 43 at 2 [setting out the discovery plan and permitting Cool Air to depose "each Opt-In Plaintiff, with each deposition limited to 5 hours"].) The following summarizes the Court's rulings and the parties' conferral regarding the depositions of the 14 Opt-In Plaintiffs for whom Plaintiffs seek a protective order.[4]

| History of Communications Regarding Depositions of Opt-in Plaintiffs | |
|---|---|
| 5/28/24 | Order permits Cool Air to depose the 20 Opt-in Plaintiffs (ECF No. 43).[5] |
| 10/15/24 | Court stays discovery giving the parties "forty-four days of discovery" remaining after the stay is lifted (ECF No. 52). |

---

[4] Notably, the Proposed Order attached to Plaintiffs' Motion suggests that the Court should find that "up to half the Opt-In Plaintiffs appear for their depositions remotely." ECF No. 66-1. Plaintiffs did **not** make this request during conferral (*see generally*, Schreter Decl. ¶ 17), and do **not** make this request in their Motions (ECF Nos. 66, 67).

[5] These 20 Opt-In Plaintiffs are Phillip Brantly, Marvin Cooper, Brian Cook, Stephen Ford, Keion Hylton, Brittany Jefferson, Scott Kidd, Joel Kuolas, Eric Lott, Matthew Martin, Raymond Massey, Barry McGowen, Michael Pharr, Marvin Picon, Erick Pippins, Stanislav Stankov, Brandon Smith, Klayton Sproles, Douglas Stewart, and Valencia Williams.

| 11/19/24 | As a placeholder, Cool Air serves deposition notices for the 20 Opt-Ins for dates in Dec. 2024 and Jan. 2025, and asks Plaintiffs to let them know if the dates will not work and to provide alternative dates, Schreter Decl. Ex. A. |
|---|---|
| 11/19/24 | Plaintiffs respond that they do not have time to "attempt to schedule dozens of depositions," Schreter Decl. Ex. A. |
| 12/8/24 | Cool Air confirms that it agrees to "postpone" the depositions of the Opt-In Plaintiffs, Schreter Decl. Ex. B. |
| 12/8/24 | Plaintiffs agree that the deposition notices should be "reserved" for "once the stay is lifted," Schreter Decl. Ex. B. |
| 5/9/25 | Order lifting stay of discovery, ECF No. 58. |
| 5/16/25 | Cool Air serves amended deposition notices for the 20 Opt-In Plaintiffs to occur over the remaining 38 days of the discovery period, with the first three of the depositions to occur **June 3, 4, and 5th**, Schreter Decl. ¶ 7 and Ex. E [Littler email attaching notices]. By May 21, 2025, Cool Air arranges for court reporters for the noticed depositions. Schreter Decl. ¶ 8. |
| 5/23/25 | Plaintiffs respond by confirming ***only one*** of the 20 Opt-In Plaintiffs for in-person depositions. Schreter Decl. ¶ 9 and Ex. F [Dane Law email].[6]<br><br>Plaintiffs fail to address four of the Opt-in Plaintiffs noticed for deposition. *Id.* [7]<br><br>Plaintiffs indicate the remaining 14 Opt-In Plaintiffs are not available for in-person depositions and provides no dates for such availability. *Id.*[8] |
| 5/26/25 | Plaintiffs identify only one additional Opt-in Plaintiff for in-person deposition. Schreter Decl. ¶ 10 and Ex. G [Dane Law email].<br><br>Plaintiffs state they will file a motion to ask the Court to allow the Opt-In Plaintiffs to appear remotely. *Id.* |

[6] To date, Plaintiffs have agreed that only ***two of the 20*** Opt-In Plaintiffs will appear in person, Marvin Cooper and Matthew Martin.

[7] Plaintiffs did not address Opt-In Plaintiffs Stephan Ford, Brittany Jefferson, Raymond Massey, or Stanislav Stankov.

[8] Plaintiffs indicated the following 14 Opt-In Plaintiffs located in Georgia were not available for in-person depositions: Brian Cook, Keion Hylton, Brittany Jefferson, Scott Kidd, Joel Kuolas, Eric Lott, Raymond Massey, Barry McGowen, Michael Pharr, Marvin Picon, Erick Pippins, Stanislav Stankov, Brandon Smith, and Douglas Stewart.

| 5/27/25 | Cool Air confirms that, based on Plaintiffs' counsel's representations that three Opt-In Plaintiffs permanently live out of state, Cool Air will agree to depose those three Opt-in Plaintiffs (Phillip Brantley, Klayton Sproles, and Valencia Williams) remotely. (Schreter Decl. Ex. 11 and Ex. H [Littler email].)<br><br>Cool Air confirms that it will be conducting in-person depositions for the remaining 17 Opt-In Plaintiffs. *Id.* |
|---|---|
| 5/30/25 | Cool Air also agrees to depose Opt-in Plaintiff Stephan Ford remotely, based on Plaintiffs' counsel's May 30, 2025, representation that Ford lives permanently out of state. (Schreter Decl. ¶ 13.) |
| 5/30/25 | On the afternoon of **Friday, May 30, 2025 at approximately 4 p.m.** ET -- two (2) business days before the first Opt-In deposition that Plaintiff seeks to have conducted remotely is to occur (on Tuesday, June 3), Plaintiffs file an emergency motion for depositions to be conducted remotely. In their Motion, they fail to identify the 14 Opt-In Plaintiffs whom Plaintiffs have indicated will not appear for in-person depositions and for whom Plaintiffs have provided no dates for in-person depositions. (Schreter Decl. ¶ 14, 15; ECF Nos. 66, 67.)[9] |

## III.   THE COURT SHOULD DENY PLAINTIFFS' MOTION

Plaintiffs' Motion does not meet the "good cause" standard required to obtain the protective order they seek, and even if they met this standard, the Court should deny Plaintiffs' Motion because Cool Air would be prejudiced if it is not allowed an opportunity to depose and cross-examine party-plaintiffs in person.

### A.   Plaintiffs Fail to Establish Good Cause Justifying the Departure from the Standard of In-Person Depositions of Party Plaintiffs

Plaintiffs offer three reasons for their last-minute request that Cool Air be prevented from deposing the 14 Opt-In Plaintiffs in person:

---

[9] The 14 Opt-In Plaintiffs at issue for whom Plaintiffs seek a protective order blocking Cool Air from conducting in-person depositions are: Keion Hylton, Brittany Jefferson, Scott Kidd, Joel Kuolas, Eric Lott, Matthew Martin, Raymond Massey, Barry McGowen, Michael Pharr, Marvin Picon, Erick Pippins, Stanislav Stankov, Brandon Smith, and Douglas Stewart.

8

(1) the in-person depositions cannot be conducted within the discovery period;

(2) "many" of the Opt-in Plaintiffs "have small claims;" and

(3) "the issues are very limited and simple."

(ECF No. 66 at 4-5.) These reasons do not justify an order preventing Cool Air from conducting in-person depositions of the party-plaintiffs.

There is nothing atypical about Cool Air's plan to conduct in-person depositions of the Opt-In Plaintiffs as contemplated in the Court's May 2024 Order approving the parties' Representative Discovery Plan (ECF No. 43) permitting the depositions and Cool Air's persistent notice of the depositions since November 2024 (Schreter Decl. ¶¶ 2-17 and Exs. A, C, E, and H). Plaintiffs show no unexpected circumstances that would justify a departure from the method of in-person depositions presumed and favored by Federal Rule of Civil Procedure 30.

### 1. Plaintiffs' Claim that the Depositions Cannot Be Completed During the Discovery Period is Not "Good Cause" For Precluding In-Person Depositions of the 14 Opt-In Plaintiffs

Plaintiffs should not be heard to complain about timing when they have not provided dates for the 14 Opt-In Plaintiffs' in-person depositions despite: (1) Cool Air's repeated requests since November 2024, to conduct such in-person depositions; and (2) the fact that Plaintiffs waited a full week to respond at all to the updated deposition notices served on May 16, 2025. (Schreter Decl. ¶¶ 7, 9 and Exs. E, F.) Plaintiffs' Motion for Expedited Hearing on this Motion blatantly

misrepresents that "Defendant appears to want an extension to discovery." ECF No. 67. The undisputed record evidence establishes that ***Plaintiffs' Counsel*** advised Cool Air that Plaintiffs would file this Motion to "***let the Court know that these Plaintiffs will appear in person if the Court wants to grant more time to arrange the depositions beyond the current discovery deadline*** so that Defendant can take the deposition in person." (Schreter Decl. Ex. 12 and Ex. I [Dane Law May 27, 2025, email].)  Thus, it is ***Plaintiffs*** who have suggested an extension of discovery might be necessary, not Cool Air.

Remarkably, even after filing their Motion, Plaintiffs provide no dates for in-person depositions of the 14 Opt-In Plaintiffs. (Schreter Decl. ¶¶ 14, 15.)  In their Motion, Plaintiffs illogically claim that because the 14 Opt-In Plaintiffs at issue are currently scheduled for in-person depositions for which they cannot appear, the calendar is too booked to reschedule these same 14 depositions to the extent Plaintiffs need to do so. (Mot., ECF No. 66 at 4-5.)

Plaintiffs' own delay in responding to the updated May 16, 2025 deposition notices and in providing the locations and availability of the Opt-In Plaintiffs for deposition -- including waiting until 4 p.m. ET on May 30, 2025 to file the instant motion -- is not "good cause" for extending the discovery deadline or for preventing Cool Air from conducting in-person depositions. *See Parker v. Parker*, No. 6:18-CV-79-ORL-40DCI, 2018 WL 11615768, at *3 (M.D. Fla. Dec. 11, 2018) (finding

that a party "should not now be able to benefit from their inaction regardless of the prejudice they claim they will suffer if discovery is permitted to continue").

Any perceived inconvenience to Opt-In Plaintiffs to attend in-person depositions is expected and does not present the rare circumstances under which courts have mandated remote depositions of party-plaintiffs. Indeed, "a plaintiff should expect to be deposed in the forum where the action is pending." *Troxel* 2022 WL 2762905, at *2 (citation omitted). And "[w]hile travelling for depositions is inconvenient, a reasonable burden or inconvenience is expected and—if demanded by the opposing party in the absence of good cause" it is required. *Id.*; *see also, Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617307, at *1-2 (S.D. Ga. Nov. 12, 2021), *aff'd,* 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021) (denying motion for protective order to permit plaintiff to appear remotely for deposition, finding mere inconvenience of travel is insufficient); *Charr v. King*, No. 21-CV-61654-WPD, 2023 WL 9792732, at *1 (S.D. Fla. Nov. 3, 2023) (denying motion for protective order for plaintiff to appear remotely for deposition where plaintiff claimed that he could not travel to the United States for the deposition); *In n re Deepwater Horizon Belo,* No. 3:19-CV-1535, 2021 WL 6882434, at *3–4 (N.D. Fla. Jul. 12, 2021) (finding plaintiff's complaints that in-person deposition would require him to drive four to seven hours and be forced from his home and work for two days was not undue to justify a Rule 26(c) protective order). Indeed, each of

11

these 14 Opt-In Plaintiffs were plainly advised in the notice *approved by this Court* they would be expected to fully participate in discovery and then voluntarily consented to become party-plaintiffs in this action.

Like Plaintiffs here, the plaintiffs in *Troxel* sought a protective order mandating that depositions of plaintiffs in an FLSA collective action be conducted remotely. *Id*., 2022 WL 2762905. The *Troxel* court denied plaintiff's motion and found that, despite several plaintiffs living outside of Alabama, no good cause existed for excusing any plaintiffs from appearing for in-person depositions in Alabama. *Id*., 2022 WL 2762905, at *2. The court explained: "Plaintiffs' expected inconveniences [resulting from travel and attending in-person depositions] in missing work and arranging for family care, as well as some of their generalized COVID-19 concerns, fall short of showing a sound basis or legitimate need for an order mandating remote depositions." *Id*. (citation omitted).

The cases cited in Plaintiffs' Motion, on the other hand, do ***not*** support granting their Motion. (ECF No. 66 at 5.) In *Romero v. Drummond Co*., 552 F.3d 1303, 1310 (11th Cir. 2008), the court did not analyze or even discuss the propriety of remote depositions but instead mentioned in passing that one of the plaintiffs who had fled to Venezuela due to threats to his life was ordered to appear remotely for deposition. And in *Mayor & Aldermen of City of Savannah v. Palmerio*, 135 Ga. App. 147, 150 (1975) (cited at ECF No. 66 at 5), the court merely allowed the video

12

taping of a deposition of a non-party witness to be used in place of live testimony at trial. No authority cited by Plaintiffs supports a protective order precluding Cool Air from conducting in-person depositions.

### 2. The Alleged "Many" "Small Claims" of the Opt-In Plaintiffs Is Not Good Cause for a Protective Order

Plaintiffs assert vaguely that "many" of the Opt-In Plaintiffs "have small claims and only worked for a short period." (Mot., ECF No. 66 at 4-5.) Yet, Plaintiffs are seeking to proceed on a collective basis and can be expected to attempt to use alleged representative evidence from one or more Opt-In Plaintiffs to establish liability for Plaintiffs and the other Opt-In Plaintiffs.[10] (*See, e.g.*, Compl., ECF No. 1.) Thus, while it is notable that Plaintiffs have admitted that several of the Opt-In Plaintiffs have only "small claims", it would be inappropriate to cast aside Cool Air's constitutional right to a fair trial simply because party-plaintiffs who admittedly do

---

[10] Notably, at the time the Parties submitted their Amended Joint Preliminary Report and Discovery Plan in this case, (Dkt. No. 41), Defendant took the position that because "[i]t is the [] Plaintiffs' burden to show that this case can be managed and tried collectively", the Plaintiffs must "prepare a proposed trial plan demonstrating the manageability of trying this case on a collective basis" and that Plaintiffs should be required to file that trial plan "thirty (30) days before the close of discovery." (Dkt. No. 41 at 26). The Court adopted Defendant's proposed approach in its Scheduling Order dated May 28, 2024, and thus ordered Plaintiffs to file a "unilateral pretrial report" (e.g., the trial plan) no later than 30 days before the close of discovery" as Defendants had requested. (Dkt. No. 43 at 3). However, the "Unilateral Pretrial Report" filed by Plaintiffs on May 19, 2025, makes no attempt whatsoever to demonstrate the manageability of trying this case on a collective basis, to lay out the elements required to prove the causes of action on a representative basis, or to describe how Plaintiffs plan to try this case, present evidence on a collective-wide basis, or meet their evidentiary burden based on representative evidence. Defendants sent a letter to counsel for Plaintiffs addressing the failure to file a trial plan on May 24, 2025, and requested a response by May 30, 2025 so that this issue could be taken up with the Court at the scheduled June 3, 2025 hearing, but Plaintiffs' counsel has not responded.

not have high-value claims – but whose testimony Plaintiffs' counsel will certainly seek to use with equal force at trial – do not want to appear for an in-person depositions. *See, e.g., Claiborne v. FedEx Ground Package Sys., Inc.*, No. 2:18-CV-01698-RJC, 2023 WL 8529132, at *6 (W.D. Pa. Dec. 8, 2023) (finding that desire to lower litigation costs is not a "special circumstance justifying a departure from the default procedure" of in person depositions, ordering in person depositions of opt-in plaintiffs in FLSA collective action).

> **3.    The Collective Wage and Hour Claims of 24 Named and Opt-In Plaintiffs are Not "Limited" and "Simple" and Do Not Establish Good Cause for a Protective Order.**

As the *Kean* court recognized, in cases like this where wage and hour claims are at issue, the parties should expect "fairly comprehensive (if not document-heavy) deposition of a party, as opposed to a less important witness." 321 F.R.D. at 452 (citations omitted, denying motion for remote depositions); *see also, Charr*, 2023 WL 9792732, at *1 (denying motion for remote depositions, noting "Plaintiff chose to pursue high stakes litigation in this Court and must bear the burden associated with prosecuting the action").

While Plaintiffs cite *Kean* as "observing" remote depositions are suitable for "shorter or less critical depositions as compared to complex cases" (ECF No. 66 at 4) the *Kean* court denied a motion for protective order, explaining that granting Plaintiffs' Motion would "advance something neither the national rules drafters …

have yet entertained:  A general policy presuming remote depositions to be the norm, and 'in person' only upon a good cause showing." 321 F.R.D. at 453-54. *Kean* supports denying Plaintiffs' Motion. The Opt-In Plaintiffs' representative wage and hour claims here are highly document intensive and complex (regardless of the alleged "value" of those claims), depend on the credibility of their testimony, and there is no good cause for preventing Cool Air from conducting in-person depositions of the 14 Opt-In Plaintiffs at issue.

**B.    Cool Air Would Be Prejudiced by Remote Depositions of the 14 Opt-In Plaintiffs at Issue**

"Lastly, on balance, the prejudice that [Cool Air] would suffer outweighs Plaintiff[s'] request for a remote deposition" for the 14 Opt-in Plaintiffs at issue. *Tsien*, 2021 WL 6617307, at *2-3 (concluding that prejudice to defendants outweighs any good cause in permitting plaintiff's remote deposition). "Remote depositions preclude in-person confrontation and the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions." *Id.*; *see also, e.g., In re Deepwater Horizon Belo*, 2021 WL 6882434, at *3–4 (noting an in-person deposition "is generally superior").

"When critical testimony is at issue [as is the case here], the value of accurately assessing credibility is heightened". *Tsien*, 2021 WL 6617307, at *3 (citations omitted, denying plaintiff's motion for remote deposition); *see also Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 585 (N.D. Fla.

15

2019) (denying remote deposition of plaintiff bringing employment discrimination because "Plaintiff is not a mere witness ... her testimony likely will be a key piece of evidence for both parties."). Indeed, "a remote deposition offers no guarantees or safeguards against improper conduct by the witness such as crib notes or signaled answers." *Kean*, 321 F.R.D. at 453.

Here, the deposition testimony of the 14 Opt-In Plaintiffs at issue regarding the alleged hours they worked and directives about how to report their time is critical, and the value of accurately assessing Plaintiff's credibility is heightened in this collective action where Plaintiffs will surely seek to use purported representative evidence to establish liability at trial. (*See* ECF No. 1.)  As explicitly recognized by the *Troxel* court, a defendant's interest in "effectively presenting written exhibits—especially in a document-heavy FLSA case like this one—is significant." 2022 WL 2762905, at *2. This FLSA case is expected to be document-heavy like *Troxel* and rests on the testimony of the Opt-In Plaintiffs. Cool Air has a strong interest and Constitutional right[11] to conduct in-person depositions of the 14 Opt-In Plaintiffs at issue.

---

[11] *See My Own Meals, Inc. v. PurFoods, LLC*, No. 22 C 0892, 2022 WL 2132729, at *5 (N.D. Ill. Jun. 14, 2022) (rejecting plaintiff's argument that remote capabilities and technology including the ability to conduct depositions remotely, supported jurisdiction, noting: "while Zoom … got the legal world through the toughest times of the pandemic, it was not without glitches and tribulations – and never was intended to supplant basic constitutional considerations or requirements – or even preferences about live proceedings").

**C.     The Court Should Compel Plaintiffs' Counsel to Provide Dates for In-Person Depositions of the 14 Opt-In Plaintiffs During The Discovery Period.**

The Court should order Plaintiffs' counsel to provide by 5:00 pm ET on June 5, 2025, the dates and times at which the 14 Opt-In Plaintiffs at issue here are available to be deposed in-person within the discovery period that the Court has ordered ends on June 18, 2025.

## IV.     CONCLUSION

For the forgoing reasons, Cool Air requests that the Court enter an order: (a) denying Plaintiffs' Motion for Depositions to be Taken Remotely (ECF No. 66); and (b) compelling Plaintiffs' counsel to provide by 5:00 pm ET on June 5, 2025, the dates and times at which the 14 Opt-in Plaintiffs are available for in-person depositions on or before June 18, 2025. A proposed Order denying Plaintiffs' Motion is attached.

Dated: June 2, 2025                          **RESPECTFULLY SUBMITTED BY:**

*/s/ Lisa A. Schreter*
Lisa A. Schreter, Bar No. 218566
lschreter@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:   404.233.0330
Facsimile:    404.233.2361

*Attorneys for Defendant*

17

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>COOL AIR MECHANICAL, LLC,<br><br>*Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of this filing to:

Dane Steffenson
DANE LAW, LLC
3575 Piedmont Rd., Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

/s/ *Lisa A. Schreter*
Lisa A. Schreter
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JUSTIN HOWARD, CHRIS TAYLOR, BILLY MAYVILLE, SEAN BOWLING, individually and on behalf of all other similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> COOL AIR MECHANICAL, LLC, <br><br> *Defendant*. | Civil Action No. 1:23-cv-02725-SCJ |

**[PROPOSED] ORDER**

After a review of Plaintiffs' Motion for Depositions to Occur Remotely, Defendant's  Response in Opposition to the Motion and exhibits thereto, oral argument of the parties, and the Court's file for this matter, the Court finds Plaintiffs have not established good cause for the reasons discussed in Defendant's Response in Opposition to the Motion and therefore denies Plaintiffs' Motion (ECF No. 66) and further orders Plaintiffs to confirm by June 5, 2025, the dates and times of availably for in-person depositions for the 14 Opt-in Plaintiffs: Keion Hylton, Brittany Jefferson, Scott Kidd, Joel Kuolas, Eric Lott, Matthew Martin, Raymond Massey, Barry McGowen, Michael Pharr, Marvin Picon, Erick Pippins, Stanislav Stankov, Brandon Smith, and Douglas Stewart.

19

20

SO ORDERED, this _____ day of June 2025.

_____
The Honorable Steve C. Jones
U.S. District Court Judge